FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK. _____
DATE _3-14-05_

|  |  |
|---|---|
| TIMOTHY HILLS<br>    Plaintiff<br><br>v.<br><br>TOWN OF STOUGHTON<br>    Defendant | NOTICE OF REMOVAL<br><br>**05-10488MLW** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now comes the defendant pursuant to the provision of 28 U.S.C. §§ 1441 and 1446, and hereby file notice of the removal of this action from the Superior court of the Commonwealth of Massachusetts, County of Norfolk, where it is currently pending, based on the following grounds:

1. This is an action in which the plaintiff alleges violations of his civil rights under the Fourteenth Amendments to the U.S. Constitution. The plaintiff seeks relief presumably pursuant to 42 U.S.C. §1983. See Complaint, affixed hereto and incorporated by reference, where subsection 10 of the Complaint entitled FACTS the plaintiff alleges that the defendant "infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions." The plaintiff also asserts state claims alleging harassment, false imprisonment, infliction of emotional distress, assault, battery, invasion of privacy, deceit and fraud. See the Complaint attached hereto and incorporated by reference.

2. This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28 U.S.C. §1441.

3. This removal is timely, as the defendant was served of this action on February 24, 2005.

4. The Defendant has consented to the removal of the matter to the United States District Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

DEFENDANT
TOWN OF STOUGHTON
By its Attorneys,

WYNN & WYNN, P.C.

_____
Charles D. Mulcahy
90 New State Highway
Raynham, MA   02767
(508) 823-4567
BBO #359360

March 14, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 14, 2005.

_____
Charles D. Mulcahy, Esquire

4. The Defendant states that the Plaintiff did not bring his complaint within the time limit provided by the Statute of Limitations and, therefore, Plaintiff's claim is barred by the terms of that Statute.

5. The Defendant is guilty of no negligence.

6. The Defendant states that the negligence of Plaintiff exceeds the negligence of Defendant and states that under the provisions of M.G.L. c. 231 § 85, Plaintiff cannot recover.

7. The Defendant states that if the negligence of Defendant was greater than the negligence of Plaintiff, then the damages assessable against the Defendant should be reduced by the percentage of negligence attributable to the Plaintiff, under the provisions of M.G.L. c. 231, § 85.

8. The Defendant states that the injuries and damages alleged were caused in whole or in part by Plaintiff's own negligence.

9. The Defendant states that the injuries to Plaintiff were caused by a third party over which Defendant had no legal control and for whose conduct Defendant was not legally responsible, and therefore, Defendant cannot be held liable for the damages claimed by the Plaintiff.

10. By way of affirmative defense, the Defendant states that M.G.L. c. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

11. By way of affirmative defense, the Defendant states that M.G.L. c. 258 § 10 (b) bars claims against public employees based upon their performance or failure to perform a discretionary function within the scope of their employment.

12. By way of affirmative defenses, the Defendant states that M.G.L. c. 258 § 10(j) bars claims against public employees. The action of the Defendant did not originally cause the condition that led to the incident involving the Plaintiff.

13. The Defendant denies each and every allegation of the Plaintiff's Complaint except as specifically admitted above.

14. The Defendant states that at the time of the alleged incident, Plaintiff was guilty of a violation of law which contributed to the alleged injuries.

15. The Defendant states that the Plaintiff has failed to join a necessary party under Rule 19 of the Massachusetts Rules of Civil Procedure.

16. The claims arising out of the subject matter of the occurrence alleged are barred as the defendant was carrying out law enforcement functions in good faith.

17. Defendant denies all of plaintiff's allegations of wrongful conduct and states that at all relevant times, public employees were acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

18. The actions and conduct of the Defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances and it enjoys qualified immunity from suit and liability.

19. The alleged acts or omissions of the Defendant were not the cause, proximate or otherwise, of the alleged injury or damage.

20. The Defendant is immune from liability pursuant to M.G.L. c. 258 § 2.

21. The Defendant denies that its actions were extreme, outrageous or intolerable in a civilized society.

22. The arrest of the Plaintiff by the Defendant was supported by the requisite reasonable suspicion and/or probable cause.

23. The Defendant denies placing the Plaintiff in reasonable fear of imminent harm.

24. The action filed by the Plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the Defendant to recover all costs, expenses and attorneys' fees associated with the defense in this case.

25. The Plaintiff is barred from recovery because the Plaintiff failed to present his claims as required under the Massachusetts Tort Claims Act, M.G.L. c. 258, § 4.

26. The Plaintiff failed to notify an Executive Officer pursuant to M.G.L. c. 258, § 4 within two years that a claim was pending and such is barred from recovery because of non-compliance with the Statute.

27. The Town of Stoughton is entitled to qualified immunity.

28. The Plaintiff has failed to state a cause of action under 42 USC § 1983 because the Plaintiff has suffered no deprivation of due process in law that affords the Plaintiff an adequate remedy.

29. The Plaintiff is precluded from any recovery against the Defendant pursuant to the provisions of M.G.L. c. 175D, § 9.

30. The Plaintiff is obligated, pursuant to M.G.L. c. 175D, § 9 to exhaust all available insurance prior to proceeding against the Defendant.

31. The Plaintiff is barred from recovery because the Defendant Town of Stoughton is entitled to governmental immunity pursuant to M.G.L. Chapter 258, § 10(h).

32. The Defendant states that M.G.L. c. 175D, which governs insolvent insurers, allows the Defendant by and through the Massachusetts Insurers Insolvency Fund to have all setoffs from other available insurance exhausted prior to the Plaintiff receiving any compensation if he is entitled from the Insolvency Fund.

33. The Town of Stoughton is not a sueable entity and is not a proper party defendant in a Civil Right Action pursuant to 42 USC § 1983.

34. The Town of Stoughton is not a person pursuant to USC §1983 and lacks independent legal existence that bars any claim against the Town of Stoughton.

35. The Defendant denies that any agent, servant, or employee assaulted and battered the Plaintiff, Timothy Hills.

36. The Defendant states that the Plaintiff failed to attach any document in his complaint indicating notice to the Town of Stoughton within the two-year time period pursuant to M.G.L. c. 258, § 4.

37. The Defendant states that M.G.L. c. 258, §10(c) bars claims arising out of intentional torts including assault and battery. Therefore, the Plaintiff cannot recover against the Defendant.

38. The Defendant, Town of Stoughton, was insured through Legion Insurance Company, which was declared insolvent by the Pennsylvania Supreme Judicial Court on July 25, 2003 effective July 28, 2003.

39. Pursuant to 42 USC § 1983, the Doctrine of Respondeat Superior is not a basis for holding the Defendant liable for the constitutional torts of the Police Officers.

40. The Defendant denies that any agent, servant, or employee harassed the Plaintiff, Timothy Hills.

41. The Defendant denies that any agent, servant, or employee inflicted any emotional distress on the Plaintiff, Timothy Hills.

42. The Defendant denies that any agent, servant, or employee battered the Plaintiff, Timothy Hills.

43. The Defendant denies that any agent, servant, or employee invaded the privacy of the Plaintiff, Timothy Hills.

44. The Defendant denies that any agent, servant, or employee perpetrated deceit and fraud upon the Plaintiff, Timothy Hills.

### THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED AND DEFENSES ASSERTED HEREIN.

DEFENDANT
TOWN OF STOUGHTON
By its Attorneys,

WYNN & WYNN, P.C.

_____
Charles D. Mulcahy
90 New State Highway
Raynham, MA  02767
(508) 823-4567
BBO #359360

March 14, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 14, 2005.

_____
Charles D. Mulcahy, Esquire

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                            SUPERIOR COURT
                                                        CIVIL ACTION

                                                        NO. NOCV2004-02101

Timothy Hills ......................................, Plaintiff(s)

v.

Town of Stoughton ..................................., Defendant(s)
10 Pearl St
Stoughton

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Dino M. Colucci, Colucci, Colucci & Marcus, P.C. plaintiff's attorney, whose address is 552 Adams Street, Milton, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham the 22nd day of February, in the year of our Lord two thousand and Five.

                                                        _____ Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-03

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.
SUPERIOR COURT
CIVIL ACTION NO.

TIMOTHY HILLS,
Plaintiff

vs.

TOWN OF STOUGHTON,
Defendant

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, Timothy Hills, is an individual, who resides at 28 Maniton Road, Canton, Commonwealth of Massachusetts.

2. The Defendant, the Town of Stoughton, is a Massachusetts municipality organized, incorporated and/or operated pursuant to Massachusetts law. Town offices are located at 10 Pearl Street, Stoughton, Massachusetts.

## FACTS

3. In or around April, 2002, David Cohen (hereinafter referred to as "Cohen"), was a police officer duly employed by the town of Stoughton.

4. In or around the aforesaid date, the plaintiff was contacted by Cohen who attempted to collect a debt that the plaintiff allegedly owed to a third party named Peter Marinelli.

5. On the aforesaid date, and on other divers occasions, Cohen threatened the plaintiff and promised to prosecute him if the latter did not immediately pay the aforesaid debt.

6. At all times material hereto, the plaintiff was in the exercise of due care and acted lawfully.

7. On the aforesaid date and at various subsequent occasions, Cohen harassed the plaintiff, caused the plaintiff significant apprehension and embarrassment and fostered an atmosphere of intimidation.

8. On or about April 30, 2002, Cohen, under cover of law, assaulted and falsely arrested Hills, improperly detained him and deprived the plaintiff of his liberty for an extended period of time.

9. On the aforesaid date and on various subsequent occasions, Cohen improperly defamed and/or otherwise slandered the plaintiff and thereby caused him harm.

10. On the aforesaid date and on various subsequent occasions, the Defendant infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions. As a result of the defendant's foregoing conduct, the plaintiff has suffered damages and incurred costs.

LUCCI,
LUCCI &
MARCUS, P.C.
Address Street
[illegible], Massachusetts 02115
phone: (617) 698-4080
fax: (617) 698-1202

## COUNT I
(Harassment)

11. The Plaintiff, Timothy Hills, repeats and reavers all of the allegations contained in paragraphs one through ten of this Complaint as if rewritten and realleged herein.

12. As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was harassed by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT II
(False Imprisonment)

13. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twelve of this Complaint as if rewritten and realleged herein.

14. As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was falsely imprisoned by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT III
(Infliction of Emotional Distress)

15. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through fourteen of this Complaint as if rewritten and realleged herein.

16. As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, suffered emotional distress.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT IV
(Assault)

17. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through sixteen of this Complaint as if rewritten and realleged herein.

18. As the direct result of the conduct of the Defendant, its employees, agents and/or others

- 2 -

for whom the defendant is legally responsible, the plaintiff, Timothy Hills, was assaulted by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT V
### (Battery)

19. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through nineteen of this Complaint as if rewritten and realleged herein.

20. As the direct result of the conduct of the defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff, Timothy Hills, suffered battery at the hands of the Defendant and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VI
### (Invasion of Privacy)

21. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty of this Complaint as if rewritten and realleged herein.

22. As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered an invasion of privacy and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VII
### (Deceit and Fraud)

23. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-two of this Complaint as if rewritten and realleged herein.

24. As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, had perpetrated upon him fraud and deceit and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

COLUCCI,
COLUCCI &
MARCUS, P.C.
1 Adams Street
Boston, Massachusetts 02184
Telephone: (617) 698-6000

## COUNT VIII
### (Violation of Civil Rights)

25. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-four of this Complaint as if rewritten and realleged herein.

26. As the direct result of the conduct of the Defendant, its employees, agents and/or other for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered a violation of his civil rights and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

Respectfully Submitted,

For The Plaintiff,

Timothy Hills,

By His Attorneys,

COLUCCI, COLUCCI & MARCUS, P.C.

Dino M. Colucci, BBO#552331
552 Adams Street
Milton, MA 02186
(617) 698-6000

- 4 -

**JS 44** (Rev. 11/04)   **CIVIL COVER SHEET**   05-10488 MLW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Timothy Hills

**(b)** County of Residence of First Listed Plaintiff   Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dino M. Colucci, Esquire, 552 Adams Street, Milton, MA 02186
(617) 698-6000

## DEFENDANTS
Town of Stoughton

County of Residence of First Listed Defendant   Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Charles D. Mulcahy, Esquire, Wynn & Wynn, P.C., 90 New State Highway, Raynham, MA 02767 (508) 823-4567

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Plaintiff claims defendant violated his right under the Fourteenth Amendment to the U.S. Constitution and seeks damages pursuant to 42 USC Section 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE Norfolk Superior Court   DOCKET NUMBER NOCV2004-02101

DATE 03/14/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Timothy Hills v. Town of Stoughton__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05-10488MLW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Hills v. Town of Stoughton, Norfolk Superior Court, CA No. NOCV2004-02101

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Charles D. Mulcahy, Esquire__
ADDRESS __Wynn & Wynn, P.C., 90 New State Highway, Raynham, MA 02767__
TELEPHONE NO. __(508) 823-4567__

(CategoryForm.wpd - 2/15/05)