

# Wynn & Wynn, P.C.

## • ATTORNEYS •

90 New State Highway
Raynham, MA 02767
(508) 823-4567
Fax (508) 822-4097
1 (800) 852-5211
http://www.wynnwynn.com

March 23, 2005

Elizabeth K. Balaschak
William E. Enright, Jr.
Thomas M. Grimmer
Richard A. Marrone
Kevin P. McRoy
Robert F. Mills
Charles D. Mulcahy
John J. O'Day, Jr.
Kevin J. O'Malley
Thomas E. Pontes
Michael J. Princi
Rebecca C. Richardson
Janice E. Robbins
William Rosa*
Louis V. Sorgi, Jr.
Dina M. Swanson
Robert Venturo
John A. Walsh
Paul F. Wynn
Thomas J. Wynn

*Of Counsel*
Hon. Robert L. Steadman (Ret.)
Thomas A. Maddigan
Hon. James F. McGillen, II (Ret.)
Hon. James J. Nixon (Ret.)

Admitted:
*Massachusetts and Rhode Island

Clerk
U.S. District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA  02210

SCANNED
DATE: 3-25-05
BY: K Bopp

RE:  Timothy Hills v. Town of Stoughton
     United States District Court, C.A. No. 05-10488-MLW

Dear Sir or Madam:

Enclosed for filing in the above-referenced matter, please find certified copies of documents received from Norfolk Superior Court.

Thank you for your attention to this matter.

Very truly yours,

WYNN & WYNN, P.C.

Charles D. Mulcahy

CDM/ktm
Enclosures
cc:  Dino M. Colucci, Esquire
     Gerard Hosman, Claim Examiner (GFMS #232839)

**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# NOCV2004-02101
## Hills v Stoughton

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 12/09/2004 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 03/18/2005 | **Session** | C - Civil C -CtRm 20 | | | |
| **Origin** | 1 | **Case Type** | E03 - Action against Commonwealth/municpl | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 03/09/2005 | **Answer** | 05/08/2005 | **Rule12/19/20** | 05/08/2005 | |
| **Rule 15** | 03/04/2006 | **Discovery** | 01/28/2007 | **Rule 56** | 03/29/2007 | |
| **Final PTC** | 07/27/2007 | **Disposition** | 12/09/2007 | **Jury Trial** | Yes | |

| | |
|---|---|
| **Plaintiff**<br>Timothy Hills<br>Active 12/09/2004 | **Private Counsel 552331**<br>Dino M Colucci<br>Colucci & Colucci<br>552 Adams Street<br>Milton, MA 02186<br>Phone: 617-698-6000<br>Fax: 617-698-1262<br>Active 12/09/2004 Notify |
| **Defendant**<br>Town of Stoughton<br>Served: 02/24/2005<br>Served (answr pending) 02/24/2005 | **Private Counsel 359360**<br>Charles D Mulcahy<br>Wynn & Wynn<br>90 New State Highway<br>Raynham, MA 02767<br>Phone: 508-823-4567<br>Fax: 508-822-4097<br>Active 03/18/2005 Notify |

| Date | Paper | Text |
|---|---|---|
| 12/09/2004 | 1.0 | Complaint entry fee $290 plff jury claim |
| 12/09/2004 | | Origin 1, Type E03, Track A. |
| 12/09/2004 | 2.0 | Civil action cover sheet filed |
| 12/09/2004 | | average track notice sent to plff attorney |
| 12/17/2004 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 02/24/2005 | 3.0 | Motion for Appointment as Process Server |
| 02/24/2005 | | MOTION (P#3.0) is ALLOWED (Isaac Borenstein, Associate Justice) dated 2/24/05 2 true attested copies mailed February 24,2005 |
| 03/02/2005 | 4.0 | SERVICE RETURNED: Town of Stoughton(Defendant), certified mail, green card attached showing service on 2/24/05 |
| 03/18/2005 | 5.0 | Case REMOVED this date to US District Court of Massachusetts-Notce of Removal(rec'd3/17/05) |
| 03/18/2005 | 6.0 | Written notice of removal to Federal Court(re'cd3/17/05) |

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
3/18/05

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. _____

FILED
IN CLERKS OFFICE

2005 MAR 14 P 3: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| TIMOTHY HILLS<br>　　Plaintiff<br><br>v.<br><br>TOWN OF STOUGHTON<br>　　Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

<u>NOTICE OF REMOVAL</u>

# 05-10488MLW

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

　　Now comes the defendant pursuant to the provision of 28 U.S.C. §§ 1441 and 1446, and hereby file notice of the removal of this action from the Superior court of the Commonwealth of Massachusetts, County of Norfolk, where it is currently pending, based on the following grounds:

　　1.　This is an action in which the plaintiff alleges violations of his civil rights under the Fourteenth Amendments to the U.S. Constitution. The plaintiff seeks relief presumably pursuant to 42 U.S.C. §1983. <u>See</u> <u>Complaint</u>, affixed hereto and incorporated by reference, where subsection 10 of the Complaint entitled <u>FACTS</u> the plaintiff alleges that the defendant "infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions." The plaintiff also asserts state claims alleging harassment, false imprisonment, infliction of emotional distress, assault, battery, invasion of privacy, deceit and fraud.　See the Complaint attached hereto and incorporated by reference.

　　2.　This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28 U.S.C. §1441.

3.  This removal is timely, as the defendant was served of this action on February 24, 2005.

4.  The Defendant has consented to the removal of the matter to the United States District

Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

> DEFENDANT
> TOWN OF STOUGHTON
> By its Attorneys,
>
> WYNN & WYNN, P.C.
>
>
> Charles D. Mulcahy
> 90 New State Highway
> Raynham, MA   02767
> (508) 823-4567
> BBO #359360

March 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 14, 2005.

Charles D. Mulcahy, Esquire

A TRUE COPY

Attest: _____

Deputy Assistant Clerk

3/18/05

Mar 09 2005 14:35 GUARANTY FUNDS 1 617 227 8235 P.12
Case 1:05-cv-10488-JLA Document 4 Filed 03/25/2005 Page 5 of 31
03/03/2005 09:25
03/02/2005 11:55 FAX 617 004 NO.754 P008
ROEBLEAN AND ISSUE
7-05

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK. ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV1004-02101

Timothy Hills ....................., *Plaintiff(s)*

v.

Town of Stoughton ..................., *Defendant(s)*

10 Pearl St
Stoughton

A TRUE COPY ATTEST

RECEIVED STOUGHTON, MASS
05 FEB 24 AM 11:37
THE TOWN CLERK

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Dino M. Colucci
Colucci, Colucci & Marcus, P.C.
plaintiff's attorney, whose address is 552 Adams Street, Milton, MA ..., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ...Dedham......... the ....22nd............

day of ...February............., in the year of our Lord two thousand and ...Five.........................

............................................., Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-43

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
CIVIL ACTION NO.

TIMOTHY HILLS,
  Plaintiff

vs.

TOWN OF STOUGHTON,
  Defendant

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1.  The Plaintiff, Timothy Hills, is an individual, who resides at 28 Maniton Road, Canton, Commonwealth of Massachusetts.

2.  The Defendant, the Town of Stoughton, is a Massachusetts municipality organized, incorporated and/or operated pursuant to Massachusetts law. Town offices are located at 10 Pearl Street, Stoughton, Massachusetts.

## FACTS

3.  In or around April, 2002, David Cohen (hereinafter referred to as "Cohen"), was a police officer duly employed by the town of Stoughton.

4.  In or around the aforesaid date, the plaintiff was contacted by Cohen who attempted to collect a debt that the plaintiff allegedly owed to a third party named Peter Marinelli.

5.  On the aforesaid date, and on other divers occasions, Cohen threatened the plaintiff and promised to prosecute him if the latter did not immediately pay the aforesaid debt.

6.  At all times material hereto, the plaintiff was in the exercise of due care and acted lawfully.

7.  On the aforesaid date and at various subsequent occasions, Cohen harassed the plaintiff, caused the plaintiff significant apprehension and embarrassment and fostered an atmosphere of intimidation.

8.  On or about April 30, 2002, Cohen, under cover of law, assaulted and falsely arrested Hills, improperly detained him and deprived the plaintiff of his liberty for an extended period of time.

9.  On the aforesaid date and on various subsequent occasions, Cohen improperly defamed and/or otherwise slandered the plaintiff and thereby caused him harm.

10.  On the aforesaid date and on various subsequent occasions, the Defendant infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions. As a result of the defendant's foregoing conduct, the plaintiff has suffered damages and incurred costs.

OLUCCI,
OLUCCI &
ARCUS, P.C.
Adams Street
St. Massachusetts 02116
Phone (617) 691-6000
Fax: (617) 694-1262

## COUNT I
### (Harassment)

11.    The Plaintiff, Timothy Hills, repeats and reavers all of the allegations contained in the paragraphs one through ten of this Complaint as if rewritten and realleged herein.

12.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was harassed by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT II
### (False Imprisonment)

13.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twelve of this Complaint as if rewritten and realleged herein.

14.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was falsely imprisoned by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT III
### (Infliction of Emotional Distress)

15.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through fourteen of this Complaint as if rewritten and realleged herein.

16.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, suffered emotional distress.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT IV
### (Assault)

17.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through sixteen of this Complaint as if rewritten and realleged herein.

18.    As the direct result of the conduct of the Defendant, its employees, agents and/or others

- 2 -

for whom the defendant is legally responsible, the plaintiff, Timothy Hills, was assaulted by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT V
### (Battery)

19.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through nineteen of this Complaint as if rewritten and realleged herein.

20.    As the direct result of the conduct of the defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff, Timothy Hills, suffered battery at the hands of the Defendant and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VI
### (Invasion of Privacy)

21.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty of this Complaint as if rewritten and realleged herein.

22.    As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered an invasion of privacy and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VII
### (Deceit and Fraud)

23.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-two of this Complaint as if rewritten and realleged herein.

24.    As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, had perpetrated upon him fraud and deceit and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

'OLUCCI,
'OLUCCI &
IARCUS, P.C.
·1 Adams Street
Unca. Massachusetts 06186
Inphone: (617) 698-6000

- 3 -

## COUNT VIII
### (Violation of Civil Rights)

25.  The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-four of this Complaint as if rewritten and realleged herein.

26.  As the direct result of the conduct of the Defendant, its employees, agents and/or other for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered a violation of his civil rights and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.


**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.**



Respectfully Submitted,

For The Plaintiff,

Timothy Hills,

By His Attorneys,

COLUCCI, COLUCCI & MARCUS, P.C.


Dino M. Colucci, BBO#552331
552 Adams Street
Milton, MA 02186
(617) 698-6000

- 4 -

**05-10488MLW**

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Timothy Hills

**(b)** County of Residence of First Listed Plaintiff   Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dino M. Colucci, Esquire, 552 Adams Street, Milton, MA 02186
(617) 698-6000

## DEFENDANTS   CLERKS OFFICE
Town of Stoughton

2005 MAR 14 P 3: 23

County of Residence of First Listed Defendant   Norfolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. DIST. OF MASS.

Attorneys (If Known)
Charles D. Mulcahy, Esquire, Wynn & Wynn, P.C., 90 New State Highway, Raynham, MA 02767 (508) 823-4567

FILED

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | **Habeas Corpus:** | | | |
| ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Plaintiff claims defendant violated his right under the Fourteenth Amendment to the U.S. Constitution and seeks damages pursuant to 42 USC Section 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE Norfolk Superior Court   DOCKET NUMBER NOCV2004-02101

DATE
03/14/2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___Timothy Hills v. Town of Stoughton___ FILED
IN CLERKS OFFICE

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local
rule 40.1(a)(1)).

2005 MAR 14 P 3: 23

- [ ] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

U.S. DISTRICT COURT
DISTRICT OF MASS.

- [✓] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

- [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

- [ ] IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.    150, 152, 153.

# 05 - 10488 MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
district please indicate the title and number of the first filed case in this court.
   Hills v. Town of Stoughton, Norfolk Superior Court, CA No. NOCV2004-02101

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC
   §2403)

    YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [✓]    NO [ ]

   A.    If yes, in which division do all of the non-governmental parties reside?

   Eastern Division  [✓]      Central Division  [ ]      Western Division  [ ]

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
         residing in Massachusetts reside?

   Eastern Division  [ ]      Central Division  [ ]      Western Division  [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)

    YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Charles D. Mulcahy, Esquire
ADDRESS  Wynn & Wynn, P.C., 90 New State Highway, Raynham, MA 02767
TELEPHONE NO. (508) 823-4567

(CategoryForm.wpd - 2/15/05)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

C.A. No. _____ 2005 MAR 14  P 3: 23

DISTRICT COURT
DISTRICT OF MASS.

**05-10488MLW**

|  |  |
|---|---|
| TIMOTHY HILLS | * |
|    Plaintiff | * |
| | * |
| | * |
| v. | * |
| | * |
| TOWN OF STOUGHTON | * |
|    Defendant | * |
| | * |

## ANSWER OF DEFENDANT, TOWN OF STOUGHTON

1.    The Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.    The Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    The Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    The Defendant neither admits nor denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    The Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint

6.    The Defendant neither admits nor denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    The Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    The Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.    The Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    The Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    No Answer Required.

12.    The Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.    No Answer Required.

14.   The Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.   No Answer Required.

16.   The Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.   No Answer Required.

18.   The Defendant denies the allegation contained in Paragraph 18 of Plaintiff's Complaint.

19.   No Answer Required.

20.   The Defendant denies the allegation contained in Paragraph 20 of Plaintiff's Complaint.

21.   No Answer Required.

22.   The Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.   No Answer Required.

24.   The Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.   No Answer Required.

26.   The Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint and find judgement in their favor together with attorneys' fees, costs and such other relief as this Court deems just and proper.

## DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

## AFFIRMATIVE DEFENSES

1.   The Defendant says that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, moves for dismissal of this action pursuant to Mass. R. Civ. P. 12(b)(6).

2.   The Defendant states that the process of Plaintiff was insufficient and, therefore, Defendant moves for dismissal under Mass. R. Civ. P. 12(b)(4).

3.   The Defendant states that the service of process of Plaintiff was insufficient and, therefore, Defendant moves for dismissal under Mass. R. Civ. P. 12(b)(5).

4.    The Defendant states that the Plaintiff did not bring his complaint within the time limit provided by the Statute of Limitations and, therefore, Plaintiff's claim is barred by the terms of that Statute.

5.    The Defendant is guilty of no negligence.

6.    The Defendant states that the negligence of Plaintiff exceeds the negligence of Defendant and states that under the provisions of M.G.L. c. 231 § 85, Plaintiff cannot recover.

7.    The Defendant states that if the negligence of Defendant was greater than the negligence of Plaintiff, then the damages assessable against the Defendant should be reduced by the percentage of negligence attributable to the Plaintiff, under the provisions of M.G.L. c. 231, § 85.

8.    The Defendant states that the injuries and damages alleged were caused in whole or in part by Plaintiff's own negligence.

9.    The Defendant states that the injuries to Plaintiff were caused by a third party over which Defendant had no legal control and for whose conduct Defendant was not legally responsible, and therefore, Defendant cannot be held liable for the damages claimed by the Plaintiff.

10.    By way of affirmative defense, the Defendant states that M.G.L. c. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

11.    By way of affirmative defense, the Defendant states that M.G.L. c. 258 § 10 (b) bars claims against public employees based upon their performance or failure to perform a discretionary function within the scope of their employment.

12.    By way of affirmative defenses, the Defendant states that M.G.L. c. 258 § 10(j) bars claims against public employees. The action of the Defendant did not originally cause the condition that led to the incident involving the Plaintiff.

13.    The Defendant denies each and every allegation of the Plaintiff's Complaint except as specifically admitted above.

14.    The Defendant states that at the time of the alleged incident, Plaintiff was guilty of a violation of law which contributed to the alleged injuries.

15.    The Defendant states that the Plaintiff has failed to join a necessary party under Rule 19 of the Massachusetts Rules of Civil Procedure.

16.   The claims arising out of the subject matter of the occurrence alleged are barred as the defendant was carrying out law enforcement functions in good faith.

17.   Defendant denies all of plaintiff's allegations of wrongful conduct and states that at all relevant times, public employees were acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

18.   The actions and conduct of the Defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances and it enjoys qualified immunity from suit and liability.

19.   The alleged acts or omissions of the Defendant were not the cause, proximate or otherwise, of the alleged injury or damage.

20.   The Defendant is immune from liability pursuant to M.G.L. c. 258 § 2.

21.   The Defendant denies that its actions were extreme, outrageous or intolerable in a civilized society.

22.   The arrest of the Plaintiff by the Defendant was supported by the requisite reasonable suspicion and/or probable cause.

23.   The Defendant denies placing the Plaintiff in reasonable fear of imminent harm.

24.   The action filed by the Plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the Defendant to recover all costs, expenses and attorneys' fees associated with the defense in this case.

25.   The Plaintiff is barred from recovery because the Plaintiff failed to present his claims as required under the Massachusetts Tort Claims Act, M.G.L. c. 258, § 4.

26.   The Plaintiff failed to notify an Executive Officer pursuant to M.G.L. c. 258, § 4 within two years that a claim was pending and such is barred from recovery because of non-compliance with the Statute.

27.   The Town of Stoughton is entitled to qualified immunity.

28.   The Plaintiff has failed to state a cause of action under 42 USC § 1983 because the Plaintiff has suffered no deprivation of due process in law that affords the Plaintiff an adequate remedy.

29.   The Plaintiff is precluded from any recovery against the Defendant pursuant to the provisions of M.G.L. c. 175D, § 9.

-4-

30.  The Plaintiff is obligated, pursuant to M.G.L. c. 175D, § 9 to exhaust all available insurance prior to proceeding against the Defendant.

31.  The Plaintiff is barred from recovery because the Defendant Town of Stoughton is entitled to governmental immunity pursuant to M.G.L. Chapter 258, § 10(h).

32.  The Defendant states that M.G.L. c. 175D, which governs insolvent insurers, allows the Defendant by and through the Massachusetts Insurers Insolvency Fund to have all setoffs from other available insurance exhausted prior to the Plaintiff receiving any compensation if he is entitled from the Insolvency Fund.

33.  The Town of Stoughton is not a sueable entity and is not a proper party defendant in a Civil Right Action pursuant to 42 USC § 1983.

34.  The Town of Stoughton is not a person pursuant to USC §1983 and lacks independent legal existence that bars any claim against the Town of Stoughton.

35.  The Defendant denies that any agent, servant, or employee assaulted and battered the Plaintiff, Timothy Hills.

36.  The Defendant states that the Plaintiff failed to attach any document in his complaint indicating notice to the Town of Stoughton within the two-year time period pursuant to M.G.L. c. 258, § 4.

37.  The Defendant states that M.G.L. c. 258, §10(c) bars claims arising out of intentional torts including assault and battery. Therefore, the Plaintiff cannot recover against the Defendant.

38.  The Defendant, Town of Stoughton, was insured through Legion Insurance Company, which was declared insolvent by the Pennsylvania Supreme Judicial Court on July 25, 2003 effective July 28, 2003.

39.  Pursuant to 42 USC § 1983, the Doctrine of Respondeat Superior is not a basis for holding the Defendant liable for the constitutional torts of the Police Officers.

40.  The Defendant denies that any agent, servant, or employee harassed the Plaintiff, Timothy Hills.

41.  The Defendant denies that any agent, servant, or employee inflicted any emotional distress on the Plaintiff, Timothy Hills.

42.  The Defendant denies that any agent, servant, or employee battered the Plaintiff, Timothy Hills.

43.    The Defendant denies that any agent, servant, or employee invaded the privacy of the Plaintiff, Timothy Hills.

44.    The Defendant denies that any agent, servant, or employee perpetrated deceit and fraud upon the Plaintiff, Timothy Hills.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED AND DEFENSES ASSERTED HEREIN.**

DEFENDANT
TOWN OF STOUGHTON
By its Attorneys,

WYNN & WYNN, P.C.

Charles D. Mulcahy
90 New State Highway
Raynham, MA    02767
(508) 823-4567
BBO #359360

March 14, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 14, 2005.

Charles D. Mulcahy, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

C.A. No._____ 2005 MAR 14  P 3: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

05 - 10488MLW

|  |  |
|---|---|
| TIMOTHY HILLS | * |
| Plaintiff | * |
|  | * |
| v. | * |
|  | * |
| TOWN OF STOUGHTON | * |
| Defendant | * |

## NOTICE OF APPEARANCE

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS:

Please enter my appearance as counsel for Defendant, Town of Stoughton, in the above-

captioned action.

DEFENDANT
TOWN OF STOUGHTON
By its Attorneys,

WYNN & WYNN, P.C.

Charles D. Mulcahy
90 New State Highway
Raynham, MA   02767
(508) 823-4567
BBO #359360

March 14, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served upon the attorney of record
for each other party by mail on March 14, 2005.

Charles D. Mulcahy, Esquire

6, 0

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

NORFOLK, SS.                                    CIVIL ACTION NO. NOCV2004-02101

---

TIMOTHY HILLS                    *
    Plaintiff                    *
                          *
                          *
v.                               *
                          *
TOWN OF STOUGHTON                 *
    Defendant                    *
                          *

---

WRITTEN NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §1445(D)

TO:    Plaintiff Timothy Hills
        Through his attorney,
        Dino M. Colucci, Esquire
        Colucci, Colucci & Marcus, P.C.
        552 Adams Street
        Milton, MA   02186

AND:  Clerk, Civil
        Norfolk Superior Court
        650 High Street
        Dedham, MA  02026

Please take notice that a Notice of Removal of the above-captioned action from the Superior

Court of the Commonwealth of Massachusetts, Norfolk County, to the United States District Court

for the District of Massachusetts (a copy of which Notice of Removal is annexed hereto) was duly

filed in the United States District Court for the District of Massachusetts.

Please take further notice that this Notice and a copy of the Notice of Removal, certified by

the United States District Court for the District of Massachusetts, has been duly filed with the Clerk

of the Superior Court of the Commonwealth of Massachusetts, Norfolk County, which filing

removes this action and, in accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed

no further herein unless and until this case is remanded by the United States District Court.

                                        DEFENDANT
                                        TOWN OF STOUGHTON
                                        By its Attorneys,

                                        WYNN & WYNN, P.C.


                                        _____
                                        Charles D. Mulcahy
                                        90 New State Highway
                                        Raynham, MA   02767
                                        (508) 823-4567
                                        BBO #359360

March 16, 2005

                        CERTIFICATE OF SERVICE

       I, Charles D. Mulcahy, hereby certify that on the below date, I served a copy of the foregoing
Written Notice of Removal, by first class mail, postage prepaid, to the following counsel of record:

                                        Dino M. Colucci, Esquire
                                        Colucci, Colucci & Marcus, P.C.
                                        552 Adams Street
                                        Milton, MA   02186


Dated: March 16, 2005                   _____
                                        Charles D. Mulcahy, Esquire

A TRUE COPY
Attest: _____
             3/18/05

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04 02101 | Trial Court of Massachusetts Superior Court Department County: __Norfolk__ |
|---|---|---|

**PLAINTIFF(S)**
Timothy Hills

**DEFENDANT(S)**
Town of Stoughton

**B**

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** (617)698-6000
Dino M. Colucci, COLUCCI, COLUCCI & MARCUS, P.C.
552 Adams Street, Milton, MA 02186
Board of Bar Overseers number: 552331

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Municipality | ( A ) | ( x )Yes  ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
                                                                          **Subtotal $** . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                                          $ . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                          $ . . . . . . . . . . .
                                                                          **TOTAL $** . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
The plaintiff was harassed, assaulted and falsely arrested by an employee of the Town of Stoughton.

**TOTAL $.** 500,000.00. .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____        A TRUE COPY        DATE: 9/08/04

Attest: _____
Deputy Assistant Clerk
3/15/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

*RECEIVED & FILED CLERK OF THE COURTS NORFOLK COUNTY*

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    SUPERIOR COURT
                                               CIVIL ACTION NO:

                                               04 02101

TIMOTHY HILLS,
   Plaintiff

vs.

TOWN OF STOUGHTON,
   Defendant


### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1.    The Plaintiff, Timothy Hills, is an individual, who resides at 28 Maniton Road, Canton,
      Commonwealth of Massachusetts.

2.    The Defendant, the Town of Stoughton, is a Massachusetts municipality organized,
      incorporated and/or operated pursuant to Massachusetts law. Town offices are located at
      10 Pearl Street, Stoughton, Massachusetts.


### FACTS

3.    In or around April, 2002, David Cohen (hereinafter referred to as "Cohen"), was a
      police officer duly employed by the town of Stoughton.

4.    In or around the aforesaid date, the plaintiff was contacted by Cohen who attempted to
      collect a debt that the plaintiff allegedly owed to a third party named Peter Marinelli.

5.    On the aforesaid date, and on other divers occasions, Cohen threatened the plaintiff and
      promised to prosecute him if the latter did not immediately pay the aforesaid debt.

6.    At all times material hereto, the plaintiff was in the exercise of due care and acted
      lawfully.

7.    On the aforesaid date and at various subsequent occasions, Cohen harassed the
      plaintiff, caused the plaintiff significant apprehension and embarrassment and fostered
      an atmosphere of intimidation.

8.    On or about April 30, 2002, Cohen, under cover of law, assaulted and falsely arrested
      Hills, improperly detained him and deprived the plaintiff of his liberty for an extended
      period of time.

9.    On the aforesaid date and on various subsequent occasions, Cohen improperly defamed
      and/or otherwise slandered the plaintiff and thereby caused him harm.

10.   On the aforesaid date and on various subsequent occasions, the Defendant infringed the
      plaintiff's civil rights as guaranteed by both the United States and Massachusetts
      Constitutions. As a result of the defendant's foregoing conduct, the plaintiff has
      suffered damages and incurred costs.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

## COUNT I
### (Harassment)

11.    The Plaintiff, Timothy Hills, repeats and reavers all of the allegations contained in paragraphs one through ten of this Complaint as if rewritten and realleged herein.

12.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was harassed by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT II
### (False Imprisonment)

13.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twelve of this Complaint as if rewritten and realleged herein.

14.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the  defendant is responsible, the Plaintiff, Timothy Hills, was falsely imprisoned by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT III
### (Infliction of Emotional Distress)

15.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through fourteen of this Complaint as if rewritten and realleged herein.

16.    As the direct and proximate result of the conduct of  the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, suffered emotional distress.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT IV
### (Assault)

17.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one  through sixteen of this Complaint as if rewritten and realleged herein.

18.    As the direct result of the conduct of the Defendant, its employees, agents and/or others

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 2 -

for whom the defendant is legally responsible, the plaintiff, Timothy Hills, was assaulted by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

### COUNT V
### (Battery)

19. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through nineteen of this Complaint as if rewritten and realleged herein.

20. As the direct result of the conduct of the defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff, Timothy Hills, suffered battery at the hands of the Defendant and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

### COUNT VI
### (Invasion of Privacy)

21. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty of this Complaint as if rewritten and realleged herein.

22. As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered an invasion of privacy and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

### COUNT VII
### (Deceit and Fraud)

23. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-two of this Complaint as if rewritten and realleged herein.

24. As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, had perpetrated upon him fraud and deceit and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

## COUNT VIII
### (Violation of Civil Rights)

25.   The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-four of this Complaint as if rewritten and realleged herein.

26.   As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered a violation of his civil rights and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

Respectfully Submitted,

For The Plaintiff,

Timothy Hills,

By His Attorneys,

COLUCCI, COLUCCI & MARCUS, P.C.

Dino M. Colucci, BBO#552331
552 Adams Street
Milton, MA 02186
(617) 698-6000

Attest: A TRUE COPY
Deputy Assistant Clerk
3/11/05

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

- 4 -

VERIFICATION

I, Timothy Hills, hereby certify that the facts contained in this Verified Complaint are based upon my personal knowledge and are true and accurate to the best of my belief.

_____
Timothy Hills

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS

Then personally appeared the above named Timothy Hills and acknowledged the foregoing instrument to be his free act and deed before me.

_____
Notary Public
My Commission expires:

Dated: Dec 6, 2004

CYNTHIA J. WHALEN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 11, 2008

**COLUCCI,
COLUCCI &
MARCUS, P.C.**
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

*4.0*

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2004–02101

Timothy Hills
.................................................., *Plaintiff(s)*

▼.

Town of Stoughton
.................................................., *Defendant(s)*

## SUMMONS

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY

3/2/05

To the above-named Defendant:

You are hereby summoned and required to serve upon  Dino M. Colucci
Colucci, Colucci & Marcus, P.C. .................,
plaintiff's attorney, whose address is 552 Adams Street, Milton, MA...., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ..Dedham.........the .....22nd.........

day of .....February................., in the year of our Lord two thousand and .Five..........................

.............................................. Clerk.

NOTES:

This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

When more than one defendant is involved, the names of all defendants should appear in the caption.
.............. is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .....FEBRUARY 24.............,20 05 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): BY HANDING TRUE AND ATTESTED COPIES TO MS. KAY MCCANN, ASSISTANT TOWN CLERK AND DULY AUTHORIZED AGENT, IN HAND. SAID SERVICE WAS MADE AT 10 PEARL STREET, STOUGHTON, MA. ALSO SERVED ON DEFENDANT: TRACKING ORDER AND MOTION TO APPOINT SPECIAL PROCESS SERVER.............................................................................

.................................................................................................................

Dated: FEBRUARY 24    , 20 05    _Sean P. Collins_
CONSTABLE & COURT APPOINTED PROCESS SERVER

## N. B.  TO PROCESS SERVER:-

PLEASE PLACE DATE YOU ... EFENDANT IN
... VED ON

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Town of Stoughton
Town Clerk
10 Pearl Street
Stoughton, MA 02072

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Frances H Stetson_    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
FRAN STETSON    , 20 05

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service l...    7004 0750 0002 6877 7662

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

COMMONWEALTH OF MASSACHUSE
SUPERIOR COU
CIVIL ACTION

NORFOLK, ss.

NO. NOCV2004-...................., Plai...

Timothy Hills

v.

Town of Stoughton...................., Defe...

SUMMONS
(Mass. R. Civ. P.4)

A TRUE COPY

Attest:

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                     SUPERIOR COURT DEPARTMENT
                                CIVIL ACTION NO.: NOCV2004-02101

---

TIMOTHY HILLS,                  )
        Plaintiff               )
                                )
v.                              )
                                )
                                )
TOWN OF STOUGHTON               )
        Defendants              )

---

### AFFIDAVIT OF DINO M. COLUCCI, ESQUIRE

I, Dino M. Colucci, having first been duly sworn according to law, and pursuant to and in accordance with Rule 4(f) of the Massachusetts Rules of Civil Procedure, hereby depose and state as follows:

1.   I am an attorney in good standing with the Bar and am licensed to practice law by and within the Commonwealth of Massachusetts.

2.   I am counsel for the Plaintiff in the above-captioned action.

3.   On February 24, 2005, I caused to be served on the Defendant, *via* Certified Mail No.: 7004 0750 0002 6877 7662 - Return Receipt requested, the following pleadings, documents and papers:

     a.   Summons;
     b.   Copy of Verified Complaint and Demand for Jury Trial; and
     c.   Copy of Tracking Order.

4.   The above-referenced Return Receipt, signed by the addressee, is enclosed for filing herewith as evidence of personal delivery to the Defendant addressee.

***COLUCCI,***
***COLUCCI &***
***MARCUS, P.C.***
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

Subscribed and sworn to under the penalties of perjury this 28th    day of February, 2005.


_Dino M. Colucci_

Dino M. Colucci
BBO# 552331
COLUCCI, COLUCCI & MARCUS, P.C.
552 Adams Street
Milton, MA 02186


A TRUE COPY

Attest: _____
Deputy Assistant Clerk
3/18/05

*COLUCCI,*
*COLUCCI &*
*MARCUS, P.C.*
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262

*Dout*
*2/24/05*

3.0

RECEIVED
2/24/05
NORFOLK COUNTY

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
QUINCY DIVISION
Civil Action No.: 2004-02101

Timothy Hills,
      Plaintiff

)
)
)
)

v.

)
)

Town of Stoughton,
      Defendant

)
)
)
)

*Feb. 24, 2005*

*motion is Alld.*
*(Bornstein, J)*

*cc: Mark Hustay*
*Auther*

### MOTION FOR APPOINTMENT AS PROCESS SERVER

In accordance with the provisions of Rule 4(c) of the Massachusetts Rules of Civil Procedure, the undersigned hereby moves this Court for the appointment of DHR & Associates or an associate as process server in the above-entitled action. The undersigned swears that to the best of his/her knowledge and belief that the person to be appointed process server is a Constable who is experienced in the service of process, is 18 years of age or over and is not a party to this action.

Dino M. Colucci, BBO#552331
COLUCCI, COLUCCI & MARCUS, P.C.
552 Adams Street
Milton, MA 02186
(617) 698-6000

Allowed by the court

Attest:

Dated:

Attest: *Virginia Foster*

*3/18/05*

COLUCCI,
COLUCCI &
MARCUS, P.C.
552 Adams Street
Milton, Massachusetts 02186
Telephone: (617) 698-6000
Facsimile: (617) 698-1262