UNITED STATES DISTRICT COURT                    DISTRICT OF MASSACHUSETTS
                                        Civil Action Number:  2005 CV 10488 JLA

TIMOTHY HILLS,                          )
                                        )
            Plaintiff                   )
                                        )
                                        )
vs.                                     )

TOWN OF STOUGHTON,
DAVID M. COHEN, Individually and
MANUEL CACHOPA, Individually

            Defendants

## DEFENDANT, DAVID M. COHEN'S. MOTION TO DISMISS

The defendant David Cohen moves this court to dismiss this matter.  As grounds for this motion,

the defendant states that the statute of limitations has expired and the amended complaint does

not relate back pursuant to Rule 15 of the Federal Rules of Civil Procedure.


In further support of this motion, the defendant attaches a memorandum hereto.


                            /s/ John F Gleavy


                            _____
                            Stephen M.A. Woodworth, BBO 534 330
                            John F. Gleavy, BBO 636 888
                            Attorney for Defendant
                            Lynch & Lynch
                            45 Bristol Drive
                            South Easton, MA 02375
                            (508) 230-2500

UNITED STATES DISTRICT COURT          DISTRICT OF MASSACHUSETTS
                                            Civil Action Number:  2005 CV 10488 JLA

TIMOTHY HILLS,              )
                            )
       Plaintiff          )
                            )
                            )
vs.                     )

TOWN OF STOUGHTON,
DAVID M. COHEN, Individually and
MANUEL CACHOPA, Individually

       Defendants

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

On December 9, 2004, the plaintiff filed a Verified Complaint in the Norfolk Superior Court

naming the Town of Stoughton as a defendant and alleging civil rights violations, harassment,

false imprisonment, infliction of emotional distress, assault, battery, invasion of privacy and

deceit and fraud.  <u>See</u> Summons and Verified Complaint attached as Exhibit A.  Service of the

complaint was made on February 24, 2005.

The complaint against the Town is based upon allegations against David Cohen, a police officer

for the Town of Stoughton.  The Verified Complaint specifically identifies Cohen as a police

officer for the Town.  The Verified Complaint alleges that Cohen contacted and threatened to

prosecute the plaintiff if he did not pay a debt owed to a third party.  Id. ¶4 and 5.  It is alleged

that Cohen acted under the cover of law, assaulted and falsely arrested the plaintiff as well as

causing the plaintiff significant apprehension, embarrassment and fostered an atmosphere of

intimidation.  Id. ¶7 and 8.

The matter was removed to this Court on March 14, 2005.  The Town answered the complaint on March 16, 2005.  On September 13, 2005, 6 months later, the plaintiff moved to amend the complaint and name as defendants, Cohen and Manuel Cachopa, the Town of Stoughton Chief of Police.  This motion was made when Cohen was not a party.  The motion was unopposed, and allowed by the court.  <u>See</u> Amended Complaint attached as Exhibit B.  The amended complaint raises the same allegations against David Cohen as contained in the original complaint.

Cohen answered the amended complaint and raised as an affirmative defense that the plaintiff's action is barred by the statute of limitations.  <u>See</u> Answers of David Cohen attached as Exhibit C.

## I.      The Amended Complaint does not Relate Back Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure and therefore, the Claims are Barred by the Statute of limitations

The question before this Court is whether the plaintiff's amended complaint relates back pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.  Rule 15(c)determines whether an amendment to a complaint relates back to the date filing of the Original Complaint and avoids the statute of limitations. See <u>Pessotti v. Eagle Mfg. Co.</u>, 946 F.2d. 974 (1991).

Rule 15(c) of the Federal Rules of Civil Procedure permits relation back where the law that provides the applicable statute of limitations would so permit.   An analysis under Rule 15(c) in this matter includes a determination as to whether under Massachusetts' state law, the plaintiff's claim relates back and the statute of limitations does not bar the claim.

While the Massachusetts Rules of Civil Procedure in this regard are more liberal than the Federal Rules, the Massachusetts Rules "are not so broad to encompass any claim that was known to the complainant that could have been brought in a timely fashion. Wynn & Wynn, P.C. v. Massachusetts Com'n Against Discrimiation, 729 N.E.2d. 1068, 1082, 431 Mass. 655 (2000). See also Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264-265, 565 N.E.2d 1180 (1991) ("unexcused delay in seeking to amend a complaint is a basis for denial of such a motion"). Pessotti v. Eagle Mfg. Co., 946 F.2d. 974, 980 (1991). (Undue delay alone, where no justifiable excuse has been offered, is sufficient reason to deny the amendment to a complaint.)

The Pessotti decision, citing Mathis v. Massachusetts Elec. Co., states that Massachusetts case law "appears to provide that 'undue delay' alone is sufficient reason to deny amendment of a complaint' and a showing of prejudice against the defendant is not required, The Supreme Judicial Court's subsequent decision in Wynn & Wynn, confirms this interpretation as stated in Pessotti.

An amended complaint does not relate back as a matter of course. Whether the amended complaint relates back is a separate question that must be answered pursuant to the Federal Rules of Civil Procedure. Pessotti at 977.

In this matter, the plaintiff seeks to amend the complaint to bring claims against Cohen. These claims were clearly known to the plaintiff when he filed his original Verified Complaint on December 9, 2004. The Verified Complaint demonstrates that the plaintiff was fully aware the cause of action subsequently brought against Cohen in the amended complaint.

Further, the plaintiff had a significant amount of time to freely amend his complaint as provided by Rule 15(a) of Federal Rules of Civil Procedure.  Such an amendment is permitted without leave of court if filed before a responsive pleading is served.  An answer to the original complaint was not filed in this matter until March 16, 2005, over four months after the complaint was filed, allowing the plaintiff ample time to freely amend his complaint pursuant to Rule 15(a).

The plaintiff's motion to amend the complaint offers no justifiable reason for delay in amending the complaint where the facts and causes of actions were known at the time the original complaint was filed.

<u>CONCLUSION</u>

Wherefore, the defendant David Cohen requests this court dismiss this matter as it is barred by the statute of limitations.

/s/ John F. Gleavy

_____
Stephen M.A. Woodworth, BBO 534 330
John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
(508) 230-2500

Certificate of Service
        I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ John F. Gleavy

_____

John F. Gleavy

# *EXHIBIT A*

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2004-02101

Timothy Hills ............................., *Plaintiff(s)*

v.

Town of Stoughton ......................., *Defendant(s)*
10 Pearl St
Stoughton

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon  Dino M. Colucci
Colucci, Colucci & Marcus, P.C.
plaintiff's attorney, whose address is 552 Adams Street, Milton, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at  Dedham        the   22nd

day of  February , in the year of our Lord two thousand and  Five

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
CIVIL ACTION NO:

TIMOTHY HILLS,
Plaintiff

vs.

TOWN OF STOUGHTON,
Defendant

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1.  The Plaintiff, Timothy Hills, is an individual, who resides at 28 Maniton Road, Canton, Commonwealth of Massachusetts.

2.  The Defendant, the Town of Stoughton, is a Massachusetts municipality organized, incorporated and/or operated pursuant to Massachusetts law. Town offices are located at 10 Pearl Street, Stoughton, Massachusetts.

## FACTS

3.  In or around April, 2002, David Cohen (hereinafter referred to as "Cohen"), was a police officer duly employed by the town of Stoughton.

4.  In or around the aforesaid date, the plaintiff was contacted by Cohen who attempted to collect a debt that the plaintiff allegedly owed to a third party named Peter Marinelli.

5.  On the aforesaid date, and on other divers occasions, Cohen threatened the plaintiff and promised to prosecute him if the latter did not immediately pay the aforesaid debt.

6.  At all times material hereto, the plaintiff was in the exercise of due care and acted lawfully.

7.  On the aforesaid date and at various subsequent occasions, Cohen harassed the plaintiff, caused the plaintiff significant apprehension and embarrassment and fostered an atmosphere of intimidation.

8.  On or about April 30, 2002, Cohen, under cover of law, assaulted and falsely arrested Hills, improperly detained him and deprived the plaintiff of his liberty for an extended period of time.

9.  On the aforesaid date and on various subsequent occasions, Cohen improperly defamed and/or otherwise slandered the plaintiff and thereby caused him harm.

10. On the aforesaid date and on various subsequent occasions, the Defendant infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions. As a result of the defendant's foregoing conduct, the plaintiff has suffered damages and incurred costs.

)LUCCI,
)LUCCI &
ₗRCUS, P.C.
Adₓₐₙ Street
ₒₙ, Massachusetts 02186
)boneː (617) 691-6000
:ₘileː (617) 691-1262

## COUNT I
### (Harassment)

05 FEB 24  AM 11: 37

11.    The Plaintiff, Timothy Hills, repeats and reavers all of the allegations contained in paragraphs one through ten of this Complaint as if rewritten and realleged herein.

12.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was harassed by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT II
### (False Imprisonment)

13.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twelve of this Complaint as if rewritten and realleged herein.

14.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was falsely imprisoned by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT III
### (Infliction of Emotional Distress)

15.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through fourteen of this Complaint as if rewritten and realleged herein.

16.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, suffered emotional distress.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT IV
### (Assault)

17.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through sixteen of this Complaint as if rewritten and realleged herein.

18.    As the direct result of the conduct of the Defendant, its employees, agents and/or others

OLUCCI,
OLUCCI &
IARCUS, P.C.
? Adams Street
lton, Massachusetts 02186
lephone: (617) 698-6000

- 2 -

for whom the defendant is legally responsible, the plaintiff, Timothy Hills, was assaulted by the Defendant and thereby suffered loss.

RECEIVED
05 FEB 24 AM 11: 37

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT V
### (Battery)

19.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through nineteen of this Complaint as if rewritten and realleged herein.

20.    As the direct result of the conduct of the defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff, Timothy Hills, suffered battery at the hands of the Defendant and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VI
### (Invasion of Privacy)

21.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty of this Complaint as if rewritten and realleged herein.

22.    As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered an invasion of privacy and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VII
### (Deceit and Fraud)

23.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-two of this Complaint as if rewritten and realleged herein.

24.    As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff Timothy Hills, had perpetrated upon him fraud and deceit and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

'OLUCCI,
'OLUCCI &
IARCUS, P.C.
-2 Adams Street
lton, Massachusetts 02186
lephone: (617) 698-6000

## COUNT VIII
### (Violation of Civil Rights)

25.   The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-four of this Complaint as if rewritten and realleged herein.

26.   As the direct result of the conduct of the Defendant, its employees, agents and/or other for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered a violation of his civil rights and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

Respectfully Submitted,

For The Plaintiff,

Timothy Hills,

By His Attorneys,

COLUCCI, COLUCCI & MARCUS, P.C.

Dino M. Colucci, BBO#552331
552 Adams Street
Milton, MA 02186
(617) 698-6000

- 4 -

# *EXHIBIT B*

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.: 05-CV-10488-JLA

| | |
|---|---|
| TIMOTHY HILLS, <br>   Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) <br> ) |
| TOWN OF STOUGHTON, DAVID <br> M. COHEN, INDIVIDUALLY, AND <br> MANUEL CACHOPA, INDIVIDUALLY, <br>   Defendants | ) <br> ) <br> ) <br> ) <br> ) |

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, Timothy Hills, is an individual, who resides at 28 Maniton Road, Canton, Commonwealth of Massachusetts.

2. The Defendant, the Town of Stoughton, is a Massachusetts municipality organized, incorporated and/or operated pursuant to Massachusetts law. Town offices are located at 10 Pearl Street, Stoughton, Massachusetts.

3. The Defendant, David M. Cohen, (hereinafter referred to as "Cohen"), is an individual, who was employed as a sergeant by the Stoughton Police Department and who resides in Stoughton, Commonwealth of Massachusetts.

4. The Defendant, Manuel Cachopa, (hereinafter referred to as "Cachopa"), is an individual, who was employed as Chief of Police by the Town of Stoughton and who resides in Stoughton, Commonwealth of Massachusetts.

### FACTS

5. In or around April, 2002, Cohen, was a police officer duly employed by the Town of Stoughton.

6. In or around April, 2002, Cachopa, was the Chief of Police duly employed by the Town of Stoughton.

7. In or around the aforesaid date, the plaintiff was contacted by Cohen who attempted to collect a debt that the plaintiff allegedly owed to a third party named Peter Marinelli.

8.   On the aforesaid date, and on other various occasions, Cohen threatened the plaintiff and promised to prosecute him if the latter did not immediately pay the aforesaid debt.

9.   At all times material hereto, the plaintiff was in the exercise of due care and acted lawfully.

10.  On the aforesaid date and at various subsequent occasions, Cohen harassed the plaintiff, caused the plaintiff significant apprehension and embarrassment and fostered an atmosphere of intimidation.

11.  On or about April 30, 2002, Cohen, under cover of law, assaulted and falsely arrested Hills, improperly detained him and deprived the plaintiff of his liberty for an extended period of time.

12.  On the aforesaid date and on various subsequent occasions, Cohen improperly defamed and/or otherwise slandered the plaintiff and thereby caused him harm.

13.  During the aforesaid time frame, Cachopa knew or should have known of Cohen's improper behavior and was complicit in covering Cohen's behavior so he could avoid detection.

14.  On the aforesaid date and on various subsequent occasions, the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions. As a result of the defendant's foregoing conduct, the plaintiff has suffered damages and incurred costs.

## COUNT I
### (Harassment)

15.  The Plaintiff, Timothy Hills, repeats and reavers all of the allegations contained in paragraphs one through fourteen of this Complaint as if rewritten and realleged herein.

16.  As the direct and proximate result of the conduct of the Defendants, their employees, agents and others for whom the defendants are responsible, the Plaintiff, Timothy Hills, was harassed by the Defendants and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT II
### (False Imprisonment)

17.   The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through sixteen of this Complaint as if rewritten and realleged herein.

18.   As the direct and proximate result of the conduct of the Defendants, their employees, agents and others for whom the defendants are responsible, the Plaintiff, Timothy Hills, was falsely imprisoned by the Defendants and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT III
### (Infliction of Emotional Distress)

19.   The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through eighteen of this Complaint as if rewritten and realleged herein.

20.   As the direct and proximate result of the conduct of the Defendants, their employees, agents and others for whom the defendants are responsible, the Plaintiff, Timothy Hills, suffered emotional distress.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT IV
### (Assault)

21.   The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty of this Complaint as if rewritten and realleged herein.

22.   As the direct result of the conduct of the Defendants, their employees, agents and/or others for whom the defendants are legally responsible, the plaintiff, Timothy Hills, was assaulted by the Defendants and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT V
### (Battery)

23.     The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-three of this Complaint as if rewritten and realleged herein.

24.     As the direct result of the conduct of the defendants, their employees, agents and/or others for whom the Defendants are legally responsible, the plaintiff, Timothy Hills, suffered battery at the hands of the Defendants and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VI
### (Invasion of Privacy)

25.     The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-four of this Complaint as if rewritten and realleged herein.

26.     As the direct result of the conduct of the Defendants, their employees, agents and/or others for whom the Defendants are legally responsible, the plaintiff Timothy Hills, suffered an invasion of privacy and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VII
### (Deceit and Fraud)

27.     The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-six of this Complaint as if rewritten and realleged herein.

28.     As the direct result of the conduct of the Defendants, their employees, agents and/or others for whom the Defendants are legally responsible, the plaintiff, Timothy Hills, had perpetrated upon him fraud and deceit and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen, and Manuel Cachopa, in an amount sufficient

and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VIII
### (Violation of Civil Rights)

29.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-eight of this Complaint as if rewritten and realleged herein.

30.    As the direct result of the conduct of the Defendants, their employees, agents and/or others for whom the Defendants are legally responsible, the plaintiff Timothy Hills, suffered a violation of his civil rights and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

Respectfully Submitted,

For The Plaintiff,

Timothy Hills,

By His Attorneys,

COLUCCI, COLUCCI & MARCUS, P.C.

_____

Dino M. Colucci, BBO#552331
552 Adams Street
Milton, MA 02186
(617) 698-6000

# ***EXHIBIT C***

UNITED STATES DISTRICT COURT        DISTRICT OF MASSACHUSETTS
                                             Civil Action Number:  2005 CV 10488 JLA

TIMOTHY HILLS,                   )
                               )
         Plaintiff                 )
                               )
                               )
vs.                                    )

TOWN OF STOUGHTON,
DAVID M. COHEN, Individually and
MANUEL CACHOPA, Individually

         Defendants

### _ANSWER AND JURY CLAIM OF THE DEFENDANT,_
### _DAVID M. COHEN_

1.  The defendant is without sufficient information to admit or deny this allegation.

2.  The defendant admits this allegation.

3.  The defendant admits this allegation.

4.  The defendant admits this allegation.

5.  The defendant admits this allegation.

6.  The defendant admits this allegation.

7.  The defendant denies this allegation.

8.  The defendant denies this allegation.

9.  The defendant denies this allegation.

10. The defendant denies this allegation.

11. The defendant denies this allegation.

12. The defendant denies this allegation.

13. The defendant denies this allegation.

14. The defendant denies this allegation.

15. The defendant repeats and re-alleges the allegations contained within paragraphs 1 through 14 as if contained fully herein.

16. The defendant denies this allegation.

17. The defendant repeats and re-alleges the allegations contained within paragraphs 1 through 16 as if contained fully herein.

18. The defendant denies this allegation.

19. The defendant repeats and re-alleges the allegations contained within paragraphs 1 through 18 as if contained fully herein.

20. The defendant denies this allegation.

21. The defendant repeats and re-alleges the allegations contained within paragraphs 1 through 20 as if contained fully herein.

22. The defendant denies this allegation.

23. The defendant repeats and re-alleges the allegations contained within paragraphs 1 through 22 as if contained fully herein.

24. The defendant denies this allegation.

25. The defendant repeats and re-alleges the allegations contained within paragraphs 1 through 24 as if contained fully herein.

26. The defendant denies this allegation.

27. The defendant repeats and re-alleges the allegations contained within paragraphs 1 through 23 as if contained fully herein.

28. The defendant denies this allegation.

29. The defendant repeats and re-alleges the allegations contained within paragraphs 1 through 28 as if contained fully herein.

30. The defendant denies this allegation.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

## *AFFIRMATIVE DEFENSES*

1. The plaintiffs' complaint fails to state a cause of action for which relief may be granted.

2. The plaintiff's action is barred by the statute of limitations.

3. This court lacks jurisdiction over the defendant.

4. The plaintiffs have failed to commence this action in the appropriate venue.

5. The plaintiffs' complaint should be dismissed as the plaintiff is guilty of laches and the defendant has suffered prejudice as a result of the plaintiffs' delay.

6. The plaintiffs' action is barred by the provisions of M.G.L. ch. 258.

7. The plaintiffs have failed to properly present his claim pursuant to M.G.L. ch. 258.

8. If the plaintiffs have suffered damages as a result of the acts or omissions of the defendant, which the defendants expressly deny, the plaintiffs' damages are limited by those statutes applicable to municipal tort liability.

9. The defendants are entitled to qualified immunity for any and all acts relative to the plaintiff's claims.

Stephen M.A. Woodworth, BBO 534 330
John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375
(508) 230-2500

## AFFIDAVIT OF SERVICE

I, John F. Gleavy, attorney for the defendant, hereby certify that on December 16, 2005, I served the following documentation:

### *ANSWER AND JURY CLAIM OF THE DEFENDANT, DAVID M. COHEN*

on all counsel of record by mailing same postage prepaid to the following:

Sarah Jubinville, Esquire
Colucci, Colucci & Marcus, P.C.
552 Adams Street
Milton, MA   02186

Charles D. Mulcahy, Esquire
Wynn & Wynn
90 New State Highway
Raynham, MA   02767

Francis J. Lynch, III, BBO 308 740
John F. Gleavy, BBO 636 888
Lynch & Lynch
45 Bristol Drive
South Easton, MA   02375
(508) 230-2500