UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
TIMOTHY HILLS,                )
      Plaintiff,              )
                              )
   V.                         )      Civil Action No.: 05-CV-10488-JLA
                              )
TOWN OF STOUGHTON, DAVID M.   )
COHEN, INDIVIDUALLY, AND      )
MANUEL CACHOPA, INDIVIDUALLY, )
      Defendants              )
                              )
```

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1.  The Plaintiff, Timothy Hills, (hereinafter referred to as "Plaintiff"),

    opposes the Defendant, David M. Cohen's, Motion to Dismiss this matter

    and respectfully requests that this Honorable Court deny said motion and

    allow the Plaintiff's action to continue against all defendants pled in the

    Amended Complaint.

2.  The Plaintiff states that this action should not be dismissed as requested by

    the defendant, David Cohen, (hereinafter referred to as "the defendant"),

    because the Amended Complaint relates back to the filing of the original

    Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

3.  Therefore, the Plaintiff respectfully requests that this Honorable Court

    deny the Defendant's Motion to Dismiss and allow this action to continue

    against all defendants pled in the Amended Complaint.

4.  In support of this Opposition to the Defendant's Motion to Dismiss, the

Plaintiff relies upon the pleadings and accompanying memorandum of

law.

Timothy Hills,
By his Attorney,
/s/ Sarah F. Jubinville
Sarah F. Jubinville, Esq.
B.B.O. No. 662238
COLUCCI, COLUCCI, MARCUS &
FLAVIN, P.C.
552 Adams Street
Milton, MA 02186
(617) 698-6000
sjubinville@coluccilaw.com

## CERTIFICATE OF SERVICE

I, Sarah F. Jubinville, attorney for the Plaintiff, Timothy Hills, in the above-entitled action, hereby certify that on the 22nd day of March, 2006, I filed this Opposition to the Defendant's Motion to Dismiss electronically with the Court, which constitutes service under the Local Rules upon the following counsel:

John F. Gleavey, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375

Charles D. Mulcahy, Esq.
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA  02767

/s/ Sarah F. Jubinville
Sarah F. Jubinville, Esq.
B.B.O. No. 662238
COLUCCI, COLUCCI, MARCUS &
FLAVIN, P.C.
552 Adams Street
Milton, MA 02186
(617) 698-6000
sjubinville@coluccilaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY HILLS,<br>    Plaintiff,<br><br>    VI.<br><br>TOWN OF STOUGHTON, DAVID M.<br>COHEN, INDIVIDUALLY, AND<br>MANUEL CACHOPA, INDIVIDUALLY,<br>    Defendants | Civil Action No.: 05-CV-10488-JLA |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT, DAVID COHEN'S, MOTION TO DISMISS

The Plaintiff by and through his counsel, Sarah F. Jubinville, respectfully requests that this Honorable Court deny the Defendant, David Cohen's, Motion to Dismiss on the grounds that the statute of limitations has expired and the amended complaint does not relate back pursuant to Rule 15 of the Federal Rules of Civil Procedure. As grounds in support of the denial of Defendant's motion, the Plaintiff submits that the Amended Complaint does, in fact, related back to the original Complaint under Rule 15 of the Federal Rules of Civil Procedure and therefore, the statute of limitations has not expired. Additionally, the allowance of the original Complaint being amended has not prejudiced the defendant, David Cohen, and this action should be allowed to proceed against all defendants pled in the Amended Complaint.

## FACTUAL BACKGROUND

On December 9, 2004, the plaintiff, Timothy Hills (hereinafter referred to as "the plaintiff"), filed a Verified Complaint in Norfolk Superior Court alleging various torts, including assault, battery, invasion of privacy, harassment, false imprisonment, deceit and fraud and infliction of emotional distress. (See Complaint attached at No. 1). On or about March 14, 2005, counsel for the Town of Stoughton filed a Notice of Removal in the United States District Court for the District of Massachusetts requesting that the case be removed from Norfolk County Superior Court pursuant to 28 U.S.C. Section 1445 (D) since the case involved a federal question. (See Notice of Removal attached at No. 2). Thereafter, on March 18, 2005 the entire case was removed from Norfolk Superior Court to the United States District Court for the District of Massachusetts.

On or about September 3, 2005, the Plaintiff filed a Motion for Leave of Court to Amend Complaint to Add Individual Defendants and an Amended Complaint. (See Motion for Leave of Court to Amend Complaint to Add Individual Defendants attached at No. 3. See also Amended Complaint attached at No. 4). On October 17, 2005, Magistrate Judge Joyce London Alexander granted Plaintiff's Motion to Amend the Complaint to add the individual defendants, David M. Cohen and Manuel Cachopa. (See Electronic Order Granting the Plaintiff Leave of Court to Amend Complaint to Add Individual Defendants attached at No. 5). On November 22, 2005 defendants, David M. Cohen and Manuel Cachopa, were properly served with a summons and a copy of the Amended Complaint. On or about December 2, 2005 the summonses for David M. Cohen and Manuel Cachopa were returned executed to the

Court. (See Copies of Return of Service for David M. Cohen and Manuel Cachopa attached at No. 6).

As stated in the plaintiff's Motion for Leave of Court to Amend Complaint to Add Individual Defendants, these two defendants are necessary and indispensable parties to this action and must be individual parties to the case in order for all involved to receive a complete and just adjudication of their claims and defenses.

## LEGAL ARGUMENT

I.    **The Defendant, David Cohen's, Motion to Dismiss Should Be Denied Because the Plaintiff filed the original Complaint within the Statute of Limitations and the Amended Complaint does Relate Back to the original Complaint Pursuant to Rule 15 (c) of the Federal Rules of Civil Procedure and under the law of the Commonwealth of Massachusetts**

Under Rule 15 (a) of the Federal Rules of Civil Procedure leave to amend pleadings "shall be freely given." In determining whether an amendment relates back to the original pleading, the Court must, according to Rule 15 (c) (1), decide if the relation back is "permitted by the law that provides the statute of limitations applicable to the action." In the present case, the plaintiff has asserted claims based on the Massachusetts three (3) year statute of limitations for personal injuries caused by the defendants' commission of various torts against him. As such, the law of the Commonwealth of Massachusetts regarding relation back of amendments to pleadings applies here.

Under the General Laws of Massachusetts, Chapter 231, Section 51 entitled

"Amendments as to parties, process or pleading," the court in civil proceeding may at

any time:

> "allow amendments adding a party, discontinuing as to a party or changing the
> form of the action, and may allow any other amendment in matter of form or
> substance in any process, pleading or proceeding, which may enable the
> plaintiff to sustain the action for the cause or for recovery for the injury for
> which the action was intended to be brought, or enable the defendant to make
> a legal defense." M.G.L. Chapter 231, Section 51.

Additionally, the provision of Chapter 231, Section 51, states that, "any amendment

allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil

Procedure shall relate to the original pleading." This statute allows the Court to

permit the amendment of a complaint at any time to add a real party in interest and

the amendment may relate back to the original pleading. Conneely v. Butterworth

Jetting Systems, Inc., 219 F.R.D. 25, 27. In Conneely, the court allowed an

amendment to the original complaint and held that it "related back" to the date of that

filing, even though a year and a half had passed since the original complaint was

filed. Id.

There are various factors that should be examined by the Court in deciding

whether to allow an Amended Complaint to relate back to an original pleading,

including whether the joinder had been requested within a reasonable time, whether

the joinder would prejudice the non-moving party and whether the joinder of the

party is necessary to avoid injustice. Conneely v. Butterworth Jetting Systems, Inc.,

219 F.R.D. 25, 27. In the present case, the request by the plaintiff to amend his

Complaint was done within a reasonable time. The plaintiff would like the Court to

note that there was no undue delay in amending the Complaint in this case. The

action was removed to federal court on March 14, 2005 and on August 11, 2005 a

magistrate judge was assigned to this case. Shortly thereafter, on September 13,

2005, the Motion for Leave of Court to Amend the Complaint and the Amended

Complaint were filed with the Court. Although the defendant argues that the

plaintiff's delay in amending six months after the case had been transferred to the

United States District Court was unreasonable, there is ample case law regarding this

time frame being a reasonable period during which to amend a pleading.

   In fact, in the Sigros case, the plaintiff was allowed to file a second amended

complaint to include an additional party on February 28, 2001 when the original

complaint had been filed on November 29, 1999. Sigros v. Walt Disney World, Co.,

190 F.Supp.2d. 165. The court allowed this amendment almost a year and half later

and ruled that it related back to the filing of the original complaint, and therefore, the

cause of action against this additional defendant was not time-barred by the statute of

limitations. Id. As noted above, in the Conneely case, the plaintiff was allowed to

amend the complaint a year and half after the filing of the original complaint.

Conneely v. Butterworth Jetting Systems, Inc., 219 F.R.D. 25, 27.

   The Plaintiff also argues that the defendant has not been prejudiced in any

way by this amendment being allowed. In the Sigros case, the federal district court

allowed the plaintiff an amendment to an already Amended Complaint and stated that

it related back to the date of the filing of the original Complaint. Sigros v. Walt

Disney World, Co., 190 F.Supp.2d. 165. The Court stated that, "where a plaintiff

asserts claims against a new defendant beyond the statute of limitations period, such

claims are not time-barred if they relate back to the original complaint so as to place

the added defendants in the same position as the original defendants." Id at 168

(*citing* Jiminez v. Toledo, 604 F.2d 99, 100 (1ˢᵗ Cir.1979)).

In the case of the defendant, he is in the same position now as the defendant

against whom the original Complaint was filed in December 9, 2004 due to the stay

of discovery pending the resolution of the criminal indictments on the same set of

facts. Since as a criminal defendant, Mr. Cohen has a Fifth Amendment Right against

self-incrimination, the discovery in the instant matter has been delayed due to these

circumstances. Additionally, Mr. Cohen was always aware of this civil action and the

fact that he could be made an individual party to this action. Since no discovery has

proceeded and cannot proceed due to these criminal indictments, Mr. Cohen has not

been prejudiced in any way and is now in the very same position as the original

defendant to this matter.

Moreover, under Rule 15 (c) of the Massachusetts Rules of Civil Procedure:

"whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading." Mass.R.Civ.P. 15(c).

The Massachusetts rules regarding relation back of amendments are extremely liberal

and reflect a "substantive policy" which allows plaintiffs to add transaction-related

defendants who are allegedly liable for the injuries giving rise to the original cause of

action, even though the claims against them would be time-barred but for the relation

back provision. Sigros v. Walt Disney World, Co., 190 F.Supp.2d. 165, 168.

In this case it is quite clear that the matter cannot be fairly adjudicated without

the two individual defendants. They are alleged to have committed several

intentional torts for which they, as individuals, must be held accountable. These

intentional acts may be deemed outside the scope of their employment as police officers in the Town of Stoughton and, if so, these individuals must answer for these torts. As stated above, the individual defendants have not been prejudiced by allowance of the Amended Complaint. There has been no discovery done yet in this matter. Therefore, the added defendants are in the same position as the original defendants in this matter.

Since discovery has not yet been commenced due to the criminal proceedings pending in Norfolk County involving these same individual defendants, the same plaintiff and the same set of facts and since the plaintiff amended his Complaint within a reasonable time, the plaintiff respectfully requests that the Defendant, David Cohen's Motion to Dismiss be denied by this Court and that this action be allowed to continue against all defendants pled in the Amended Complaint. The plaintiff submits that Mr. Cohen has not been prejudiced in the slightest way by this amendment being allowed and will not be prejudiced by this action continuing forward against all parties pled in the Amended Complaint.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Honorable

Court deny the Defendant's Motion to Dismiss.

THE PLAINTIFF RESPECTFULLY REQUESTS A HEARING ON THIS

MOTION.

> Timothy Hills,
> By his Attorney,
> /s/ Sarah F. Jubinville
> Sarah F. Jubinville, Esq.
> B.B.O. No. 662238
> COLUCCI, COLUCCI, MARCUS &
> FLAVIN, P.C.
> 552 Adams Street
> Milton, MA 02186
> (617) 698-6000
> sjubinville@coluccilaw.com



Then, the Court must determine under Rule 15 (c) (2) if "the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Additionally, under Rule 15 (c) (3) regarding the changing of a party or the naming of the party against whom the claim is asserted, provision (c) (2) is satisfied, if proper service has been effectuated in accordance with Rule 4 (m) and the party to be brought in by the amendment will not be prejudiced in maintaining its defense on the merits of the case. Lastly, it must be shown that the party to be brought in by the amendment knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party. In the present case, these requirements have all been met and therefore, the Amended Complaint does relate back to the filing of the original Complaint.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT · MOTOR VEHICLE TORT · CONTRACT ·
EQUITABLE RELIEF · OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2004-02101

Timothy Mills ........................................ Plaintiff(s)

v.

Town of Stoughton ............................... Defendant(s)
10 Pearl St
Stoughton

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...................... 
plaintiff's attorney, whose address is ........................................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO, Esquire, at ....Dedham........... the ......22nd.....

day of ......February......, in the year of our Lord two thousand and ...Five....

.................................................... Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.



SUPERIOR COURT
CIVIL ACTION NO.

TIMOTHY HILLS,
Plaintiff

vs.

TOWN OF STOUGHTON,
Defendant

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, Timothy Hills, is an individual, who resides at 28 Marsten Road, Canton, Commonwealth of Massachusetts.

2. The Defendant, the Town of Stoughton, is a Massachusetts municipality organized, incorporated and/or operated pursuant to Massachusetts law. Town offices are located at 10 Pearl Street, Stoughton, Massachusetts.

## FACTS

3. In or around April, 2002, David Cohen (hereinafter referred to as "Cohen"), was a police officer duly employed by the town of Stoughton.

4. In or around the aforesaid date, the plaintiff was contacted by Cohen who attempted to collect a debt that the plaintiff allegedly owed to a third party named Peter Marinelli.

5. On the aforesaid date, and on other divers occasions, Cohen threatened the plaintiff and promised to prosecute him if the latter did not immediately pay the aforesaid debt.

6. At all times material hereto, the plaintiff was in the exercise of due care and acted lawfully.

7. On the aforesaid date and at various subsequent occasions, Cohen harassed the plaintiff, caused the plaintiff significant apprehension and embarrassment and fostered an atmosphere of intimidation.

8. On or about April 30, 2002, Cohen, under cover of law, assaulted and falsely arrested Hills, improperly detained him and deprived the plaintiff of his liberty for an extended period of time.

9. On the aforesaid date and on various subsequent occasions, Cohen improperly defamed and/or otherwise slandered the plaintiff and thereby caused him harm.

10. On the aforesaid date and on various subsequent occasions, the Defendant infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions. As a result of the defendant's foregoing conduct, the plaintiff has suffered damages and incurred costs.

RECEIVED

05 FEB 24 AM 11: 37

## COUNT I
### (Harassment)

11.    The Plaintiff, Timothy Hills, repeats and reavers all of the allegations contained in paragraphs one through ten of this Complaint as if rewritten and realleged herein.

12.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was harassed by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT II
### (False Imprisonment)

13.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twelve of this Complaint as if rewritten and realleged herein.

14.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, was falsely imprisoned by the Defendant and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT III
### (Infliction of Emotional Distress)

15.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through fourteen of this Complaint as if rewritten and realleged herein.

16.    As the direct and proximate result of the conduct of the Defendant, its employees, agents and others for whom the defendant is responsible, the Plaintiff, Timothy Hills, suffered emotional distress.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT IV
### (Assault)

17.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through sixteen of this Complaint as if rewritten and realleged herein.

18.    As the direct result of the conduct of the Defendant, its employees, agents and/or others

OLUCCI,
OLUCCI &
(ARCUS, P.C.

- 2 -

for whom the defendant is legally responsible, the plaintiff, Timothy Hills, was assaulted by the Defendant and thereby suffered loss.

05 FEB 24  AM 11: 37

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT V
### (Battery)

19.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through nineteen of this Complaint as if rewritten and realleged herein.

20.    As the direct result of the conduct of the defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff, Timothy Hills, suffered battery at the hands of the Defendant and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VI
### (Invasion of Privacy)

21.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty of this Complaint as if rewritten and realleged herein.

22.    As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff, Timothy Hills, suffered an invasion of privacy and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VII
### (Deceit and Fraud)

23.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-two of this Complaint as if rewritten and realleged herein.

24.    As the direct result of the conduct of the Defendant, its employees, agents and/or others for whom the Defendant is legally responsible, the plaintiff, Timothy Hills, had perpetrated upon him fraud and deceit and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

COLUCCI,
COLUCCI &
MARCUS, P.C.
1 Adams Street
Quincy, Massachusetts 02184
Telephone (617) 000-0000

- 3 -

## COUNT VIII
### (Violation of Civil Rights)

25.   The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-four of this Complaint as if rewritten and realleged herein.

26.   As the direct result of the conduct of the Defendant, its employees, agents and/or other for whom the Defendant is legally responsible, the plaintiff Timothy Hills, suffered a violation of his civil rights and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendant, the Town of Stoughton, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

Respectfully Submitted,

For The Plaintiff,

Timothy Hills,

By His Attorneys,

COLUCCI, COLUCCI & MARCUS, P.C.

552 Adams Street
Milton, MA 02186
(617) 696-6000

- 4 -

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.

DISTRICT COURT
DISTRICT OF MASS.

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK.
DATE        3 - 14 - 05

|                          | * |
| ------------------------ | * |
| TIMOTHY HILLS            | * |
|    Plaintiff | * |
|                          | * |
| v.                       | * |
|                          | * |
| TOWN OF STOUGHTON        | * |
|    Defendant | * |
|                          | * |

NOTICE OF REMOVAL

# 05-10488MLW

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

    Now comes the defendant pursuant to the provision of 28 U.S.C. §§ 1441 and 1446, and hereby file notice of the removal of this action from the Superior court of the Commonwealth of Massachusetts, County of Norfolk, where it is currently pending, based on the following grounds:

    1.    This is an action in which the plaintiff alleges violations of his civil rights under the Fourteenth Amendments to the U.S. Constitution. The plaintiff seeks relief presumably pursuant to 42 U.S.C. §1983. See Complaint, affixed hereto and incorporated by reference, where subsection 10 of the Complaint entitled FACTS the plaintiff alleges that the defendant "infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions." The plaintiff also asserts state claims alleging harassment, false imprisonment, infliction of emotional distress, assault, battery, invasion of privacy, deceit and fraud.  See the Complaint attached hereto and incorporated by reference.

    2.    This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28 U.S.C. §1441.

3.  This removal is timely, as the defendant was served of this action on February 24, 2005.

4.  The Defendant has consented to the removal of the matter to the United States District

Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

> DEFENDANT
> TOWN OF STOUGHTON
> By its Attorneys,
>
> WYNN & WYNN, P.C.
>
> Charles D. Mulcahy
> 90 New State Highway
> Raynham, MA    02767
> (508) 823-4567
> BBO #359360

March 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served upon the attorney of record
for each other party by mail on March 14, 2005.

Charles D. Mulcahy, Esquire

4.    The Defendant states that the Plaintiff did not bring his complaint within the time limit provided by the Statute of Limitations and, therefore, Plaintiff's claim is barred by the terms of that Statute.

5.    The Defendant is guilty of no negligence.

6.    The Defendant states that the negligence of Plaintiff exceeds the negligence of Defendant and states that under the provisions of M.G.L. c. 231 § 85, Plaintiff cannot recover.

7.    The Defendant states that if the negligence of Defendant was greater than the negligence of Plaintiff, then the damages assessable against the Defendant should be reduced by the percentage of negligence attributable to the Plaintiff, under the provisions of M.G.L. c. 231, § 85.

8.    The Defendant states that the injuries and damages alleged were caused in whole or in part by Plaintiff's own negligence.

9.    The Defendant states that the injuries to Plaintiff were caused by a third party over which Defendant had no legal control and for whose conduct Defendant was not legally responsible, and therefore, Defendant cannot be held liable for the damages claimed by the Plaintiff.

10.    By way of affirmative defense, the Defendant states that M.G.L. c. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

11.    By way of affirmative defense, the Defendant states that M.G.L. c. 258 § 10 (b) bars claims against public employees based upon their performance or failure to perform a discretionary function within the scope of their employment.

12.    By way of affirmative defenses, the Defendant states that M.G.L. c. 258 § 10(j) bars claims against public employees. The action of the Defendant did not originally cause the condition that led to the incident involving the Plaintiff.

13.    The Defendant denies each and every allegation of the Plaintiff's Complaint except as specifically admitted above.

14.    The Defendant states that at the time of the alleged incident, Plaintiff was guilty of a violation of law which contributed to the alleged injuries.

15.    The Defendant states that the Plaintiff has failed to join a necessary party under Rule 19 of the Massachusetts Rules of Civil Procedure.

16.  The claims arising out of the subject matter of the occurrence alleged are barred as the defendant was carrying out law enforcement functions in good faith.

17.  Defendant denies all of plaintiff's allegations of wrongful conduct and states that at all relevant times, public employees were acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

18.  The actions and conduct of the Defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances and it enjoys qualified immunity from suit and liability.

19.  The alleged acts or omissions of the Defendant were not the cause, proximate or otherwise, of the alleged injury or damage.

20.  The Defendant is immune from liability pursuant to M.G.L. c. 258 § 2.

21.  The Defendant denies that its actions were extreme, outrageous or intolerable in a civilized society.

22.  The arrest of the Plaintiff by the Defendant was supported by the requisite reasonable suspicion and/or probable cause.

23.  The Defendant denies placing the Plaintiff in reasonable fear of imminent harm.

24.  The action filed by the Plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the Defendant to recover all costs, expenses and attorneys' fees associated with the defense in this case.

25.  The Plaintiff is barred from recovery because the Plaintiff failed to present his claims as required under the Massachusetts Tort Claims Act, M.G.L. c. 258, § 4.

26.  The Plaintiff failed to notify an Executive Officer pursuant to M.G.L. c. 258, § 4 within two years that a claim was pending and such is barred from recovery because of non-compliance with the Statute.

27.  The Town of Stoughton is entitled to qualified immunity.

28.  The Plaintiff has failed to state a cause of action under 42 USC § 1983 because the Plaintiff has suffered no deprivation of due process in law that affords the Plaintiff an adequate remedy.

29.  The Plaintiff is precluded from any recovery against the Defendant pursuant to the provisions of M.G.L. c. 175D, § 9.

-4-

o M.(

30.   The Plaintiff is obligated, pursuant to M.G.L. c. 175D, § 9 to exhaust all available insurance prior to proceeding against the Defendant.

31.   The Plaintiff is barred from recovery because the Defendant Town of Stoughton is entitled to governmental immunity pursuant to M.G.L. Chapter 258, § 10(h).

32.   The Defendant states that M.G.L. c. 175D, which governs insolvent insurers, allows the Defendant by and through the Massachusetts Insurers Insolvency Fund to have all setoffs from other available insurance exhausted prior to the Plaintiff receiving any compensation if he is entitled from the Insolvency Fund.

33.   The Town of Stoughton is not a sueable entity and is not a proper party defendant in a Civil Right Action pursuant to 42 USC § 1983.

34.   The Town of Stoughton is not a person pursuant to USC §1983 and lacks independent legal existence that bars any claim against the Town of Stoughton.

35.   The Defendant denies that any agent, servant, or employee assaulted and battered the Plaintiff, Timothy Hills.

36.   The Defendant states that the Plaintiff failed to attach any document in his complaint indicating notice to the Town of Stoughton within the two-year time period pursuant to M.G.L. c. 258, § 4.

37.   The Defendant states that M.G.L. c. 258, §10(c) bars claims arising out of intentional torts including assault and battery. Therefore, the Plaintiff cannot recover against the Defendant.

38.   The Defendant, Town of Stoughton, was insured through Legion Insurance Company, which was declared insolvent by the Pennsylvania Supreme Judicial Court on July 25, 2003 effective July 28, 2003.

39.   Pursuant to 42 USC § 1983, the Doctrine of Respondeat Superior is not a basis for holding the Defendant liable for the constitutional torts of the Police Officers.

40.   The Defendant denies that any agent, servant, or employee harassed the Plaintiff, Timothy Hills.

41.   The Defendant denies that any agent, servant, or employee inflicted any emotional distress on the Plaintiff, Timothy Hills.

42.   The Defendant denies that any agent, servant, or employee battered the Plaintiff, Timothy Hills.

43.   The Defendant denies that any agent, servant, or employee invaded the privacy of the Plaintiff, Timothy Hills.

44.   The Defendant denies that any agent, servant, or employee perpetrated deceit and fraud upon the Plaintiff, Timothy Hills.

## THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED AND DEFENSES ASSERTED HEREIN.

DEFENDANT
TOWN OF STOUGHTON
By its Attorneys,

WYNN & WYNN, P.C.

Charles D. Mulcahy
90 New State Highway
Raynham, MA   02767
(508) 823-4567
BBO #359360

March 14, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 14, 2005.

Charles D. Mulcahy, Esquire

A  0

-6-

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.: 05-CV-10488-JLA

TIMOTHY HILLS, )
    Plaintiff, )
)
VS. )
)
TOWN OF STOUGHTON )
    Defendant. )

## PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT TO ADD INDIVIDUAL DEFENDANTS

1.     The Plaintiff, Timothy Hills (hereinafter referred to as "plaintiff"), moves this Honorable Court to grant plaintiff leave of court to amend the original Complaint filed in this matter under the Federal Rule of Civil Procedure 15(a).

2.     The plaintiff states that this motion should be allowed as under Federal Rule of Civil Procedure 15 (a) as the rules allows for amendments to be "freely given when justice so requires."

3.     In support of this motion, plaintiff relies on the pleadings in this action, the accompanying motion and the Amended Complaint.

4.     LR 7.1 Certification: I hereby certify that I have conferred with opposing counsel in a good faith effort to seek concurrence in this motion and defense counsel has assented to this motion.

Respectfully Submitted,

On Behalf of the Plaintiff,

By His Attorneys,

COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.


/s/ Sarah F. Jubinville
Sarah F. Jubinville
BBO#662238
552 Adams Street
Milton, MA 02186
(617) 698-6000
sjubinville@coluccilaw.com

Dated: September 3, 2005

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.: 05-CV-10488-JLA

| | |
|---|---|
| TIMOTHY HILLS,<br>        Plaintiff, | )<br>)<br>) |
| VS. | )<br>) |
| TOWN OF STOUGHTON<br>        Defendant. | )<br>)<br>) |

## PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT TO ADD INDIVIDUAL DEFENDANTS

Now comes the Plaintiff in the above captioned matter and pursuant to Federal Rule of Civil Procedure 15(a), requests this Honorable Court to grant the Plaintiff leave of court to amend his Complaint, as attached hereto as Exhibit A, adding David M. Cohen and Manuel Cachopa, as individual defendants in this action.

In support thereof, the Plaintiff states that it appears that David M. Cohen was a sergeant for the Stoughton Police Department at relevant and material times that are the subject of the Plaintiff's Complaint and may be liable for torts committed while he was employed by the Stoughton Police Department.

Also in support thereof, the Plaintiff states that it appears that Manuel Cachopa was the Chief of Police of the Stoughton Police Department at relevant and material times that are the subject of the Plaintiff's Complaint and may be liable for torts committed while he was employed by the Stoughton Police Department.

Federal Rule of Civil Procedure 15(a) provides that leave to amend the Complaint "shall be freely given when justice so require." Additionally, this motion

has been assented to by counsel for the defendant, the Town of Stoughton. In this matter both David M. Cohen and Manuel Cachopa should be added so that both parties can receive complete and just adjudication of their claims and defenses. There has been no discovery conducted between the parties in this matter and there are no motions pending at this point in time. Additionally, the only event scheduled in this matter currently is a scheduling conference on October 5, 2005 before this Honorable Court.

The plaintiff also submits that under Federal Rule of Civil Procedure 15(c)(2) this amendment to the original Complaint relates back to the date of the original filing because "the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Therefore, since the original Complaint was filed on December 9, 2004, the amendment requested by the plaintiff relates back to this date in time.

WHEREFORE, the Plaintiff respectfully requests that the Plaintiff's Assented to Motion for Leave of Court to Amend Complaint to Add Individual Defendants Pursuant to Federal Rule of Civil Procedure 15(a) be granted as to attached Exhibit A.

Respectfully Submitted,

On Behalf of the Plaintiff,

By His Attorneys,

COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.


/s/ Sarah F. Jubinville
Sarah F. Jubinville
BBO#662238
552 Adams Street
Milton, MA 02186
(617) 698-6000
sjubinville@coluccilaw.com


Dated:  September 3, 2005


## CERTIFICATE OF SERVICE

I, Sarah F. Jubinville, attorney for the plaintiff, Timothy Hills, in the above action, hereby certify that on the 3rd day of September, 2005, I filed this Assented to Motion for Leave of Court to Amend the Plaintiff's Complaint electronically with the Court, which constitutes service under the Local Rules upon the following counsel:

Charles D. Mulcahy, Esq.
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA  02767


/s/ Sarah F. Jubinville
Sarah F. Jubinville
BBO#662238
552 Adams Street
Milton, MA 02186
(617) 698-6000
sjubinville@coluccilaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.: 05-CV-10488-JLA

TIMOTHY HILLS,                      )
  Plaintiff                          )
                             )
vs.                                 )
                             )
TOWN OF STOUGHTON, DAVID            )
M. COHEN, INDIVIDUALLY, AND         )
MANUEL CACHOPA, INDIVIDUALLY,       )
  Defendants                         )
                             )

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.      The Plaintiff, Timothy Hills, is an individual, who resides at 28 Maniton Road, Canton, Commonwealth of Massachusetts.

2.      The Defendant, the Town of Stoughton, is a Massachusetts municipality organized, incorporated and/or operated pursuant to Massachusetts law. Town offices are located at 10 Pearl Street, Stoughton, Massachusetts.

3.      The Defendant, David M. Cohen, (hereinafter referred to as "Cohen"), is an individual, who was employed as a sergeant by the Stoughton Police Department and who resides in Stoughton, Commonwealth of Massachusetts.

4.      The Defendant, Manuel Cachopa, (hereinafter referred to as "Cachopa"), is an individual, who was employed as Chief of Police by the Town of Stoughton and who resides in Stoughton, Commonwealth of Massachusetts.

## FACTS

5.      In or around April, 2002, Cohen, was a police officer duly employed by the Town of Stoughton.

6.      In or around April, 2002, Cachopa, was the Chief of Police duly employed by the Town of Stoughton.

7.      In or around the aforesaid date, the plaintiff was contacted by Cohen who attempted to collect a debt that the plaintiff allegedly owed to a third party named Peter Marinelli

8.  On the aforesaid date, and on other various occasions, Cohen threatened the plaintiff and promised to prosecute him if the latter did not immediately pay the aforesaid debt.

9.  At all times material hereto, the plaintiff was in the exercise of due care and acted lawfully.

10. On the aforesaid date and at various subsequent occasions, Cohen harassed the plaintiff, caused the plaintiff significant apprehension and embarrassment and fostered an atmosphere of intimidation.

11. On or about April 30, 2002, Cohen, under cover of law, assaulted and falsely arrested Hills, improperly detained him and deprived the plaintiff of his liberty for an extended period of time.

12. On the aforesaid date and on various subsequent occasions, Cohen improperly defamed and/or otherwise slandered the plaintiff and thereby caused him harm.

13. During the aforesaid time frame, Cachopa knew or should have known of Cohen's improper behavior and was complicit in covering Cohen's behavior so he could avoid detection.

14. On the aforesaid date and on various subsequent occasions, the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, infringed the plaintiff's civil rights as guaranteed by both the United States and Massachusetts Constitutions. As a result of the defendant's foregoing conduct, the plaintiff has suffered damages and incurred costs.

## COUNT I
### (Harassment)

15. The Plaintiff, Timothy Hills, repeats and reavers all of the allegations contained in paragraphs one through fourteen of this Complaint as if rewritten and realleged herein.

16. As the direct and proximate result of the conduct of the Defendants, their employees, agents and others for whom the defendants are responsible, the Plaintiff, Timothy Hills, was harassed by the Defendants and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT II
### (False Imprisonment)

17. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through sixteen of this Complaint as if rewritten and realleged herein.

18. As the direct and proximate result of the conduct of the Defendants, their employees, agents and others for whom the defendants are responsible, the Plaintiff, Timothy Hills, was falsely imprisoned by the Defendants and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT III
### (Infliction of Emotional Distress)

19. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through eighteen of this Complaint as if rewritten and realleged herein.

20. As the direct and proximate result of the conduct of the Defendants, their employees, agents and others for whom the defendants are responsible, the Plaintiff, Timothy Hills, suffered emotional distress.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT IV
### (Assault)

21. The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty of this Complaint as if rewritten and realleged herein.

22. As the direct result of the conduct of the Defendants, their employees, agents and/or others for whom the defendants are legally responsible, the plaintiff, Timothy Hills, was assaulted by the Defendants and thereby suffered loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT V
### (Battery)

23.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-three of this Complaint as if rewritten and realleged herein.

24.    As the direct result of the conduct of the defendants, their employees, agents and/or others for whom the Defendants are legally responsible, the plaintiff, Timothy Hills, suffered battery at the hands of the Defendants and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VI
### (Invasion of Privacy)

25.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-four of this Complaint as if rewritten and realleged herein.

26.    As the direct result of the conduct of the Defendants, their employees, agents and/or others for whom the Defendants are legally responsible, the plaintiff Timothy Hills, suffered an invasion of privacy and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VII
### (Deceit and Fraud)

27.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-six of this Complaint as if rewritten and realleged herein.

28.    As the direct result of the conduct of the Defendants, their employees, agents and/or others for whom the Defendants are legally responsible, the plaintiff, Timothy Hills, had perpetrated upon him fraud and deceit and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen, and Manuel Cachopa, in an amount sufficient

and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

## COUNT VIII
### (Violation of Civil Rights)

29.    The Plaintiff, Timothy Hills, repeats and realleges all of the allegations contained in paragraphs one through twenty-eight of this Complaint as if rewritten and realleged herein.

30.    As the direct result of the conduct of the Defendants, their employees, agents and/or others for whom the Defendants are legally responsible, the plaintiff Timothy Hills, suffered a violation of his civil rights and thereby sustained a loss.

Wherefore, the Plaintiff, Timothy Hills, demands judgment against the Defendants, the Town of Stoughton, David M. Cohen and Manuel Cachopa, in an amount sufficient and proper to compensate him for his losses, plus interest, attorneys fees and the cost of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED.

Respectfully Submitted,

For The Plaintiff,

Timothy Hills,

By His Attorneys,

COLUCCI, COLUCCI & MARCUS, P.C.

_____
Dino M. Colucci, BBO#552331
552 Adams Street
Milton, MA 02186
(617) 698-6000

# UNITED STATES DISTRICT COURT

District of _____

Timothy Hills

2005 DEC -2 P 12: 35

**SUMMONS IN A CIVIL CASE**

v.

Town of Stoughton,
David M. Cohen, and
Manuel Cachopa

CASE NUMBER:
05-CV-10488-JLA

TO: (Name and address of Defendant)

Manuel Cachopa
100 Columbus Avenue
Stoughton, MA 02072

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Dino M. Colucci, Esq.
Colucci, Colucci, Marcus & Flavin, P.C.
552 Adams Street
Milton, MA 02186
)617) 698-6000

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

NOV 1 7 2005

CLERK                                    DATE

(By) DEPUTY CLERK

**Norfolk County Sheriff's Department**   P.O. Box 859215 Braintree, MA 02185-9215 / Tel. # (781) 326-1787

*Norfolk, ss.*

November 28, 2005

I hereby certify and return that on 11/22/2005 at 9:33AM I served a true and attested copy of the summons and complaint and jury demand, tracking order and amended complaint and demand in this action in the following manner: To wit, by leaving at the last and usual place of abode of Marmel Chachopa, 100 Columbus Avenue Stoughton MA 02072 and by mailing first class mail to the above-mentioned address on 11/22/2005. Basic Service Fee ($20.00), Copies-Attestation ($10.00), Conveyance ($4.50), Postage and Handling ($3.00), Travel ($10.88) Total Charges $48.38

Deputy Sheriff James E. Riggs

_____
**Deputy Sheriff**

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|--------|----------|-------|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                   Date               *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

Timothy Hills

V.

Town of Stoughton,
David M. Cohen and
Manuel Cachopa

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

05-CV-10488-JLA

TO: (Name and address of Defendant)

David M. Cohen
115 Eagle Rock Road
Stoughton, MA 02072

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Dino M. Colucci, Esq.
Colucci, Colucci, Marcus & Flavin, P.C.
552 Adams Street
Milton, MA 02186
(617) 698-6000

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.



SA _____ ON

NOV 1 7 2005

CLERK

(By) DEPUTY CLERK

DATE

**Norfolk County Sheriff's Department**   P.O. Box 859215 Braintree, MA 02185-9215 / Tel. # (781) 326-1787

*Norfolk, ss.*                                                                                November 28, 2005

I hereby certify and return that on 11/22/2005 at 9:23AM I served a true and attested copy of the summons and complaint and jury demand, tracking order and amended complaint and demand in this action in the following manner: To wit, by leaving at the last and usual place of abode of David M Cohen, 115 Eagle Rock Road Stoughton MA 02072 and by mailing first class mail to the above-mentioned address on 11/22/2005. Basic Service Fee ($20.00), Copies-Attestation ($10.00), Conveyance ($4.50), Postage and Handling ($3.00), Travel ($10.88) Total Charges $48.38

Deputy Sheriff James E. Riggs

*Deputy Sheriff*

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
             Date                  *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.