UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10488-JLA

TIMOTHY HILLS,

Plaintiff

v.

TOWN OF STOUGHTON,
DAVID M. COHEN and MANUEL CACHOPA,

Defendants

**ORDER ON**

**DEFENDANT DAVID M. COHEN'S MOTION TO DISMISS**
**(Docket # 24)**

ALEXANDER, M.J.

On December 9, 2004, plaintiff Timothy Hills filed an eight-count complaint against defendant Town of Stoughton ("Stoughton") alleging harassment, false imprisonment, infliction of emotional distress, assault, battery, invasion of privacy, deceit and fraud, and a violation of his civil rights. Mr. Hills alleges that David Cohen, a Stoughton police officer, was attempting to collect a debt allegedly owed by Mr. Hills to a third party when he harassed, threatened, assaulted, falsely arrested and violated the civil rights of Mr. Cohen. Mr. Hills did not originally name Mr. Cohen as a defendant.

On March 14, 2005, Stoughton removed the case to federal court, on the basis of Mr. Hills' civil rights claim. Then, on September 13, 2005, Mr. Hills filed a motion to amend his complaint to add Mr. Cohen and Manuel Cachopa, the Stoughton Chief of Police, as defendants. This Court allowed that motion on October 17, 2005. Both Mssrs. Cohen and Cachopa filed timely answers to the amended complaint. Mr. Cohen has also filed a motion to dismiss, on the basis that by the time the amended complaint was filed adding him as a defendant, the statute of limitations on the claims against him had expired. Mr. Hills counters that the amended complaint "relates back" to the original complaint, which was filed prior to the expiration of the statue of limitations.

Claims against a new defendant "beyond the statute of limitations period . . . are not time-barred if they relate back to the original complaint so as to place the added defendant[] in the same position as the original defendant[]." Sigros v. Walt Disney World, Co., 190 F. Supp. 2d 165, 168 (D. Mass. 2002) (citing Jimenez v. Toledo, 604 F. 2d 99, 100 (1st Cir. 1979)). Pursuant to Fed. R. Civ. P. 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when "relation back is permitted by the law that provides the statute of limitations applicable to the action . . . ." Massachusetts law, which supplies the applicable statute of limitations in the extant case, provides, in turn, that

> [i]n all civil proceedings, the court may at any time, allow amendments adding a party, . . . which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought . . . . Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.

G. L. c. 231, § 51. The liberal rule in Massachusetts "reflects a substantive policy of allowing plaintiffs to add transaction-related defendants allegedly liable for the injury giving rise to the original cause of action even though the claims against those [defendants] would be time-barred but for relation-back." Sigros, 190 F. Supp. 2d at 168.

Mr. Cohen does not deny that he is a "transaction-related" defendant – the charges alleged by Mr. Hills stem from Mr. Cohen's alleged actions. Mr. Cohen avers, however, that the delay in including him as a defendant is unexcused and, therefore, a basis for dismissing the claims against him. An "unexcused delay in seeking to amend is a valid basis for the denial of a motion to amend." Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 621-22, 537 N.E. 2d 99, 106 (Mass. 1989). It does not, however, necessarily require the Court to deny a motion to amend, and the decision whether to do so is well within the Court's discretion. See, e.g., Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264, 565 N.E.2d 1180, 1185 (Mass. 1991). Unlike the cases relied upon by Mr. Cohen in which amended

pleadings were not allowed years after the relevant actions had commenced, e.g., id., at 264-65, 565 N.E.2d at 1185 (plaintiff sought to amend complaint to add new counts over four years after filing complaint), Mr. Hills sought to add Mr. Cohen just six months after the case was removed to federal court. The amended complaint relates back to the original pleading and the Court therefore DENIES Mr. Cohen's motion to dismiss.

SO ORDERED.

5/19/06
Date

_____
United States Magistrate Judge