# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.: 05-CV-10488-JLA

_____
TIMOTHY HILLS,                    )
    Plaintiff,                    )
vs.                               )
                                  )
TOWN OF STOUGHTON, DAVID          )
M. COHEN, INDIVIDUALLY, AND       )
MANUEL CACHOPA, INDIVIDUALLY,     )
  Defendants                     )
_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANT, TOWN OF STOUGHTON'S, MOTION FOR A PROTECTIVE ORDER

1. The Plaintiff, Timothy Hills (hereinafter referred to as "plaintiff"), moves this Honorable Court to deny the Defendant, Town of Stoughton's, Motion for A Protective Order.

2. The plaintiff states that this motion should not be allowed because the Defendant, Town of Stoughton, has no protectable Fifth Amendment right against self-incrimination, since the Town of Stoughton is not a natural person and Fifth Amendment rights only apply to natural persons.

3. Additionally, the Plaintiff argues that although Mr. Cachopa can assert his own Fifth Amendment right against self-incrimination, the Town of Stoughton cannot be excused from responding to discovery asserting Mr. Cachopa's right against self-incrimination.

4. In support of this motion, the plaintiff offers the following Memorandum of Law, which is incorporated herein.

5. <u>LR 7.1 Certification:</u> I hereby certify that I have conferred with opposing counsel in a good faith effort to seek concurrence in this opposition and we have failed to reach an agreeable resolution.

Respectfully Submitted,

On Behalf of the Plaintiff,

By His Attorneys,

COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.

/s/ Sarah F. Jubinville_____
Sarah F. Jubinville
BBO#662238
552 Adams Street
Milton, MA 02186
(617) 698-6000
sjubinville@coluccilaw.com

Dated: July 19, 2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION No.: 05-CV-10488-JLA

_____
TIMOTHY HILLS,                          )
    Plaintiff,                              )
                                        )
VS.                                     )
                                        )
   TOWN OF STOUGHTON, DAVID            )
   M. COHEN, INDIVIDUALLY, AND          )
   MANUEL CACHOPA, INDIVIDUALLY,        )
    Defendants                            )
_____)

**PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT TO ADD INDIVIDUAL DEFENDANTS**

Now comes the Plaintiff in the above captioned matter and respectfully requests this Honorable Court deny the Defendant, Town of Stoughton's, Motion for a Protective Order since the town has no Fifth Amendment Rights, which need to be protected, and since the Town of Stoughton cannot assert Mr. Cachopa's rights against self-incrimination for him.  Additionally, since discovery has already been delayed in this matter and will be delayed indefinitely with regard to the individual defendants, the Plaintiff argues that discovery as between him and the defendant, Town of Stoughton, should no longer be delayed.  The Plaintiff respectfully requests that this Honorable Court deny the motion for protective order regarding the Town of Stoughton and allow discovery between the plaintiff and the town continue.

ARGUMENT

The Plaintiff does not dispute that the individual defendants, Manuel Cachopa and David Cohen, have a Fifth Amendment right against self-incrimination and that

they can chose to lawfully exercise this right when faced with discovery requests in the instant matter if they could possibly incriminate themselves and prejudice their pending criminal cases. However, the Plaintiff argues that the Town of Stoughton does not have a Fifth Amendment Right against self-incrimination since it is not an individual and, therefore, should be compelled to respond to discovery requests that have been propounded in the instant case. Additionally, the Town of Stoughton allegedly requests this protective order for the purpose of protecting Manuel Cachopa's Fifth Amendment Right against self-incrimination, however, the Plaintiff would argue that the town cannot assert Mr. Cachopa's rights for him and should be compelled to answer that discovery, which has been directed to the Town of Stoughton as a defendant in this matter. Lastly, the Plaintiff reminds the Court that this case has already been delayed due to the pending criminal matter and would argue that the Court should at least allow the discovery process to proceed as between the defendant, Town of Stoughton, and the Plaintiff in the interest of justice.

In the Doe case, the court reasoned that a corporation cannot exercise a Fifth Amendment right against self-incrimination, since that right is a personal one that can only be exercised by natural persons. In re Doe, 418 Mass. 549, 552, 637 N.E.2d 858, 860 (1994). The Plaintiff would argue that a town can be likened to a corporation in this instance since it is not a natural person. Additionally, the court in Doe also stated that the personal privilege against self-incrimination extends to individual representatives of a corporation, however, not to the corporation's records and papers. Id. In fact, the Doe court agreed with the United States Supreme Court in their assertion in Bellis that "the papers and effects which the privilege protects

must be the private property of the person claiming the privilege, or at least in his possession in a purely personal capacity." Id at 552-553, *citing* Bellis v. United States, 417 U.S. 85, 90, 40 L. Ed. 2d 678, 94 S. Ct. 2179 (1974), quoting United States v. White, 322 U.S. 694, 699 (1944).

In light of the above, the Plaintiff argues that not only does the Town of Stoughton not possess a Fifth Amendment right against self-incrimination, but they cannot assert Mr. Cachopa's rights for him. Additionally, the Town of Stoughton can provide the Plaintiff with answers to interrogatories using information provided by a competent town official, who has knowledge of this case, and they can also provide documents pursuant to the Plaintiff's request for documents, since these papers and effects are not personal items belonging to Mr. Cachopa, but are town records to which the Plaintiff is entitled.

WHEREFORE, the Plaintiff respectfully opposes the Defendant, Town of Stoughton's, Motion for a Protective Order and respectfully requests that this Honorable Court deny said motion with respect to the Town of Stoughton.

**REQUEST FOR ORAL ARGUMENT IS MADE ON BEHALF OF THE PLAINTIFF.**

       Respectfully Submitted,

       On Behalf of the Plaintiff,

       By His Attorneys,

       COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.


       /s/ Sarah F. Jubinville_____
       Sarah F. Jubinville
       BBO#662238
       552 Adams Street
       Milton, MA 02186
       (617) 698-6000
       sjubinville@coluccilaw.com

Dated:  July 19, 2006

## **CERTIFICATE OF SERVICE**

I, Sarah F. Jubinville, attorney for the plaintiff, Timothy Hills, in the above action, hereby certify that on the 19th day of July, 2006, I filed this Opposition to the Defendant's Motion for A Protective Order electronically with the Court, which constitutes service under the Local Rules upon the following counsel:

Charles D. Mulcahy, Esq.
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767

John F. Gleavey, Esq.
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

/s/ Sarah F. Jubinville\_\_\_\_\_
Sarah F. Jubinville
BBO#662238
552 Adams Street
Milton, MA 02186
(617) 698-6000
sjubinville@coluccilaw.com